**TEXAS CONFERENCE ASSOCIATION OF SEVENTH–DAY ADVENTISTS, et al., Appellants,**

v.

**CENTRAL APPRAISAL REVIEW BOARD OF JOHNSON COUNTY, Texas, et al., Appellees.**

No. 10–86–086–CV.

Court of Appeals of Texas, Waco.

Oct. 16, 1986.

Rehearing Denied Nov. 13, 1986.

David A. Coggin, Burleson, for appellants.

James E. Hallman, Hallman & Pritchard, Cleburne, Robert Mott, Perdue, Brandon & Fielder, Houston, Joseph W. Barbisch, Jr., Asst. Atty. Gen., Austin, for appellees.

HALL, Justice.

Appellant the Texas Conference Association of Seventh-Day Adventists (TCA) and the other appellants who are members of the Seventh-Day Adventists Church filed this action against appellees the Central Appraisal District and the Central Appraisal Review Board of Johnson County, Texas, and other necessary parties, for judicial review of a ruling of the Review Board declaring that certain improved realty and personalty owned by TCA in Johnson County was not exempt from taxation. TCA had sought exemption before the Appraisal District and the Review Board under the provisions of V.T.C.A., Tax Code section 11.20(a)(1) which provides for exemption of property that is owned by a religious organization, is used primarily as a place of regular religious worship, and is reasonably necessary for engaging in religious worship. In the trial court, appellants pleaded in addition to the exemption that sections 11.11 to 11.47 inclusive of the Tax Code and their applications to TCA were violative of the United States Constitution in several specified ways.

After appellees had answered with general and special denials, appellees moved the trial court to dismiss the case for want of jurisdiction on the ground that TCA had failed to timely file with the Review Board a notice of appeal as required by section 42.06 of the Tax Code. After a hearing, the motion was granted and the case was dismissed without prejudice. This appeal resulted. We reverse the judgment and remand the case for trial.

Section 41.41 of the Tax Code provides that a property owner is entitled to protest before the Appraisal Review Board any action of the Appraisal District that adversely affects him, including a denial of exemption of his property from taxation. Section 41.47 provides in subsections (a) and (d) that the Review Board shall determine the protest and make its decision by written order, and that the Board shall deliver by certified mail a notice of issuance of the order and a copy of the order to the property owner and the Chief Appraiser of the Appraisal District. Sections 42.01 and 42.21 provide that a property owner may appeal an order of the Review Board by filing a petition for review with the District Court within forty-five days after the owner has received notice of the

Review Board's final order. However, regarding this right of appeal, section 42.06 contains these provisions:

(a) To exercise his right of appeal, a party must file written notice of appeal within 15 days after the date he receives the notice required by Section 41.47 or, in the case of a taxing unit, by Section 41.07 of this code that the order appealed has been issued.

(b) The notice must be filed with the body that issued the order appealed.

These provisions, that is, the filing of written notice of appeal with the body that issued the order appealed within fifteen days after formal notice of the order, have been held to be mandatory and jurisdictional to the appeal. *Corchine Partnership v. Dallas County Appraisal District,* 695 S.W.2d 734, 735–36 (Tex.App. 5 Dist.1985, writ ref'd n.r.e.); *Rockdale Ind. Sch. Dist. v. Thorndale Ind. Sch. Dist.,* 681 S.W.2d 225, 227 (Tex.App. 3 Dist.1984, writ ref'd n.r.e.).

In our case, the Review Board's notice to TCA of denial of protest was in the form of a letter written on the stationery of the Central Appraisal District and directed to TCA's attorney. The letter was signed by the secretary of the Review Board, but it bore the letterhead of the Central Appraisal District, and the name of the executive director of the Appraisal District and the District's address were shown at the top left quadrant of the stationery. This notice of denial of protest referenced the case number of the Review Board, "84–01," and it gave a description of the property in question. The letter stated, "It is the consensus of the appraisal review board that the above listed property will remain on the tax roll as listed since it is not an actual place of worship." The attorney for TCA then prepared a written notice of appeal in the form of a letter directed to the Central Appraisal District, "Attn: Don Gilmore." This notice of appeal referenced the case number, "84–01," of the Review Board, listed the party taxpayer as TCA, and gave a description of the property in question. The letter stated, "Dear Mr. Gilmore: I am in receipt of your letter indicating that the Appraisal District has denied the Texas Conference's application for exemption concerning the above referenced property. Please consider this to be our formal Notice of Appeal as required by Article 42.06 of the Texas Tax Code." The letter was signed by TCA's attorney. This notice of appeal was hand delivered to the office of the Appraisal District. The evidence does not show whether the Appraisal District and the Review Board shared a common office. However, the evidence is undisputed that this notice of appeal found its way from the Appraisal District to the case file of the Review Board, that is, case file number 84–01 of the Review Board. The evidence does not show that this notice did not reach this file within fifteen days after TCA had received its notice of denial of protest. During oral argument before us, the attorney for the Review Board stipulated as a fact that the notice of appeal did reach the case file of the Review Board within fifteen days after TCA had received its notice of denial of protest.

TCA argues under one of its points that it complied with section 42.06 since the notice of appeal was in fact filed in the proper subject case file of the Review Board within the fifteen days allowed. It argues that to hold that the court is denied jurisdiction because the notice of appeal was addressed and delivered to the Appraisal District when the notice was finally actually filed with the Review Board goes beyond the plain requirement of the statute, and would elevate procedure over substance for no justifiable purpose. On the other hand, appellees rely on the ruling in *Corchine Partnership* and assert that since the undisputed evidence showed that the notice of appeal was filed with the Appraisal District when the attorney for TCA delivered the notice to the office of the Appraisal District, the statute was not satisfied and the court was without jurisdiction. We agree with TCA. It is true

that the written notice of appeal was directed to the Appraisal District and that it was delivered to the office of the Appraisal District. Nevertheless, it referenced the case number of the Review Board and, within the prescribed time limit of fifteen days set forth in the statute, it found its way into the case file of the Review Board. In other words, someone delivered it to the Review Board. The statute provides that the appealing party "must file written notice of appeal ... with the body that issued the order appealed" within fifteen days after the date he receives notice of the order. Appellees' interpretation of the statute is a literal one that would require the filing of the notice of appeal directly with the Review Board by the appealing party. We believe the legislative intent of the statute was to provide the Review Board with notice of the appeal within the set time of fifteen days. That was accomplished in our case, albeit by indirect means. Appellees do not claim any harm from this procedure.

In the *Corchine Partnership* case relied on by appellees, the facts show that the appealing taxpayer delivered his notice of appeal to the Appraisal District, the same error made by our taxpayer, but the facts there do not show as our facts do that the notice of appeal was thereafter filed with the Review Board by someone with the Appraisal District within the allotted time. In *Goffney v. Lowry,* 554 S.W.2d 157, 159 (Tex.1977), our Supreme Court said, "The law does not afford the right of appeal as an idle gesture or as something easily lost." Under the circumstances of our case, we hold the notice statute was substantially and sufficiently satisfied.

Appellants' remaining points of error include grounds of estoppel and actual or implied agency, not pleaded by appellants in the trial court in response to appellees' motion to dismiss. All are without merit and are overruled.

The judgment is reversed and this case is remanded for trial.