**HARRIS COUNTY APPRAISAL DISTRICT, et al., Appellants,**

v.

**TEXAS NATIONAL BANK OF BAYTOWN, et al., Appellees.**

No. 01–88–00837–CV.

Court of Appeals of Texas, Houston (1st Dist.).

July 27, 1989.

Randall B. Strong, City Atty., Jon C. Pfennig, Reed, Strickland & Gillett, Baytown, Kenneth Wall, Olson & Olson, Houston, for appellants.

Peter J. O'Loughlin, Houston, for appellees.

Before EVANS, C.J., and DUGGAN and O'CONNOR, JJ.

O'CONNOR, Justice.

Texas National Bank of Baytown filed this suit against various taxing authorities, appealing a finding of the Harris County Appraisal Review Board. A tax was assessed against bank shares under Tex.Tax Code Ann. sec. 11.02(b) (Vernon 1982).[1] The Bank objected to the appraised value of the shares because it included federal obligations that are exempt from taxation by the State. Following a verdict by a jury, the trial court entered judgment for the Bank.

## I. THE TAXING AUTHORITIES' POINTS OF ERROR.

Defendants, Harris County Appraisal District, et al.[2] (collectively "the Taxing Authorities"), appeal the judgment of the trial court. The Taxing Authorities assert eight points of error challenging the trial court's failure to dismiss the case for want of jurisdiction and its refusal to grant the motions for directed verdict, judgment non obstante veredicto, and new trial.

All of the points of error are directed at one issue: Did the Bank file a timely notice of appeal with the Appraisal Review Board? The Taxing Authorities contend there was no evidence or insufficient evidence that the Bank gave written notice of appeal to the Appraisal Review Board. Because there was no notice of appeal, the Taxing Authorities argue, the trial court did not have jurisdiction over the case. We will consider all the points together.

### A. THE STANDARD OF REVIEW

In reviewing "no evidence" points of error, we consider only the evidence and inferences, when viewed in their most favorable light, that tend to support the finding. We must disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex. 1988). If there is any evidence of probative force to support the finding, the point must be overruled and the finding upheld. *Sherman v. First Nat'l Bank*, 760 S.W.2d 240, 242 (Tex.1988).

In addressing a factual sufficiency challenge to the evidence, this Court must ex-

---

1. Formerly Tex.Rev.Civ.Stat.Ann. art. 7166 (Vernon 1960). *Amended by* ch. 31, art. 3, part A, sec. 1, 1984 Tex.Gen.Laws 193, 212. A franchise tax replaced the bank stock tax. *See* Tex.Tax Code Ann. ch. 171 (Vernon Supp.1989). The valuation formula used under the statute was held unconstitutional in *American Bank & Trust Co. v. Dallas County*, 463 U.S. 855, 865, 103 S.Ct. 3369, 3376, 77 L.Ed.2d 1072 (1983). The Legislature repealed the statute as of January 1, 1985, and bank stock is no longer subject to taxation.

2. The Bank sued individually and as agent for its shareholders. Craig S. Wooten and G.W. Coles, Jr. are also named plaintiffs in this suit. The Bank named the following as defendants in the suit: Harris County Appraisal District, Harris County Appraisal Review Board, the City of Baytown, Goose Creek Independent School District, Lee College District, Tax Assessor/Collector for the City of Baytown, and the Tax Assessor/Collector for Goose Creek Independent School District and Lee College District.

amine all of the evidence. *Lofton v. Texas Brine Corp.*, 720 S.W.2d 804, 805 (Tex. 1986). After weighing all of the evidence, this Court can set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and manifestly unjust. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986).

## B. THE BANK'S NOTICE OF APPEAL

The Bank protested the appraised value of its stock for 1983. The Appraisal Review Board heard the Bank's protest and on July 11, 1984 issued its order. The Bank received a copy of the order on July 18, 1984, and filed its notice of appeal with the *Appraisal District*, not the Appraisal Review Board, on July 23, 1984. The Bank then filed this lawsuit.

At trial, the Bank introduced deposition testimony of Ted Clark, who testified on behalf of the Appraisal District and the Appraisal Review Board. Clark testified that in 1983, the Appraisal Review Board and the Appraisal District shared common offices and kept a combined file. In response to a question, Clark said:

Q: And Notices and things—notices of appeal following hearings, are those kept in the same files?

A: We keep copies of, in the historical file of everything that goes out. And the ARB would have a copy for the appeal and the hearing.

The evidence shows that the Bank filed its notice of appeal within the 15 days required by Tex.Tax Code Ann. sec. 42.06 (Vernon 1982), with the Appraisal District. The evidence also shows that the Appraisal District and the Appraisal Review Board used the same files during the years 1983 and 1984.

The issue for this Court is whether a notice of appeal filed with the Appraisal District, but received by the Appraisal Review Board within 15 days, meets the requirements of section 42.06.

According to Mr. Clark, both entities used a combined file, and nothing in the file indicated that the Review Board did not receive the notice of appeal in this case. The Bank also introduced the testimony of Warren Coles, a director and manager of the Bank. Mr. Coles testified that the Bank filed its notice of appeal within 15 days of its receipt of the order. He also stated that the Bank was never notified that the Appraisal Review Board had not received notice of appeal. The Appraisal Review Board offered no evidence on the issue.

## C. THE SPECIAL ISSUE ON NOTICE OF APPEAL

The trial court submitted the following issue to the jury:

Do you find from a preponderance of the evidence that Texas National Bank of Baytown gave written notice of appeal to Defendant, Harris County Appraisal Review Board, within fifteen (15) days after receipt by the bank of the order of the Appraisal Review Board determining its protest?

Answer: "we do" or we do not."

   Answer: *WE DO*

You are instructed that the Harris County Appraisal District and the Harris County Appraisal Review Board are separate governmental bodies and that written notice of appeal to the Harris County Appraisal District does not constitute written notice of appeal to the Harris County Appraisal Review Board.

You are instructed that written notice of appeal given to the Harris County Appraisal District that is forwarded to the Harris County Appraisal Review Board and is received by the Harris County Appraisal Review Board within fifteen (15) days of receipt of the order determining protest does constitute written notice to the Harris County Appraisal Review Board.

None of the Taxing Authorities objected to the submission of the issue.

## D. THE STATUTORY PROCEDURE FOR PROTEST

The Tax Code outlines the protest procedures to challenge the appraised value of the taxed property. Subsection (1) of sec-

tion 41.41 of the Tax Code says a property owner may protest the determination of the appraised value of the property. Tex.Tax Code Ann. sec. 41.41(1) (Vernon Supp.1989). Subsection (a) of section 41.44 requires a property owner who contests value to file a written notice of the protest with the appraisal review board before June 1 or not later than the 30th day after the date the notice of taxes was delivered to the property owner.

At the time the Bank appealed to the district court, section 42.06 required a party to file a written notice of appeal within 15 days after the date he receives the notice of the order from which he is appealing. Section (b) provided:

> (b) The notice must be filed with the body that issued the order appealed.[3]

Tex.Tax Code Ann. sec. 42.06 (Vernon 1982).

■ In order for a taxpayer to protest an action taken by a taxing authority, the taxpayer must follow the procedures outlined by the Tax Code. These requirements are jurisdictional. The Texas Supreme Court addressed one of these requirements in *Appraisal Review Bd. v. International Church of Foursquare Gospel,* 719 S.W.2d 160 (Tex.1986). In that case, the court held that the taxpayer's failure to name both the appraisal district and the appraisal review board as parties as required by section 42.21 deprived the trial court of jurisdiction. *Id.* Similarly, other courts of appeals have found the requirements of section 42.06 to be jurisdictional. *Corchine Partnership v. Dallas County Appraisal Dist.,* 695 S.W.2d 734, 735–736 (Tex.App.—Dallas 1985, writ ref'd n.r.e.); *Rockdale Indep. School Dist. v. Thorndale Indep. School Dist.,* 681 S.W.2d 225, 227 (Tex.App.—Austin 1984, writ ref'd n.r.e.). In *Corchine Partnership,* the appealing party filed a notice of appeal with the appraisal district rather than the review board. The court found that appraisal districts and review boards are separate entities; therefore, notice of appeal filed with the district did not effect notice to the

review board. *Corchine Partnership,* 695 S.W.2d at 735–736. In *Rockdale,* the notice was mailed within the time required but was not received until a second notice was sent after the time expired. *Rockdale,* 681 S.W.2d at 227. Neither case involved an allegation that the review board actually received notice within the 15–day requirement.

In *Texas Conference Ass'n of Seventh–Day Adventists v. Central Appraisal Review Bd.,* 719 S.W.2d 255 (Tex.App.—Waco 1986, writ ref'd n.r.e.), the court found the trial court did have jurisdiction even though the notice of appeal had been filed with the appraisal district. The evidence showed that the notice of appeal "found its way from the Appraisal District to the case file of the Review Board" within 15 days. *Id.* at 257. In holding that the appealing party complied with the statute, the court stated:

> the legislative intent of the statute was to provide the Review Board with notice of appeal within the set time of fifteen days. That was accomplished in our case, albeit by indirect means. Appellees do not claim any harm from this procedure.

*Id.* at 258. The court rejected a literal interpretation of the statute that "filing" was required. *Id; see also Dallas County Appraisal Dist. v. Leaves, Inc.,* 742 S.W.2d 424, 430 (Tex.App.—Dallas 1987, writ denied) (typographical error in notice of appeal did not deprive trial court of jurisdiction where apparent what ruling was subject of the appeal).

■ We find a notice of appeal filed with the Appraisal District, but received by the Appraisal Review Board within 15 days, meets the requirements of section 42.06.

We overrule the Taxing Authorities' points of error.

## II. THE BANK'S POINTS OF ERROR.

The Bank asserts three cross-points. We will address the first two.

---

3. The Tax Code now requires a party to file notice of appeal with the chief appraiser of the appraisal district. Tex.Tax Code Ann. sec. 42.-06(b) (Vernon Supp.1989).

## A. THE BANK SHARE TAX

In the first cross-point, the Bank contends the trial court erred in imposing the bank share tax on the Bank rather than the shareholders because the shareholders are the actual owners of the stock. The Tax Code provides procedures by which a taxpayer may protest an assessment of taxes. As noted above, section 41.41 permits a taxpayer to challenge the determination that he is the property owner. Section 41.44 provides:

(a) Except as provided by Subsections (b) and (c) of this section, to be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board having authority to hear the matter protested:

(1) before June 1 or not later than the 30th day after the date that notice was delivered to the property owner as provided by Section 25.19 of this code, whichever is later;

\* \* \* \* \* \*

(d) A notice of protest is sufficient if it identifies the protesting property owner and the property that is the subject of the protest and indicates apparent dissatisfaction with some determination of the appraisal office....

The Tax Code guarantees the protesting taxpayer a hearing and a right to appeal a ruling of the appraisal review board. *See* Tex.Tax Code Ann. secs. 41.45 and 42.01 (Vernon 1982). The Tax Code further states that the remedies defined within it are exclusive. The Tax Code prohibits a party from filing suit for tax refund unless the party first protested under the provisions of the Tax Code. Tex.Tax Code Ann. sec. 42.09(a)(2) (Vernon Supp.1989).

According to the record, the Bank protested the tax assessment in a letter to the Appraisal District challenging:

1) the value of the bank shares includes the value of U.S. Government obligations, either directly or indirectly;

2) the value alleged for the bank shares is above market;

3) the value alleged for the bank shares is illegally, improperly and illogically arrived at....

■ The Bank's contention that it was improperly taxed instead of the shareholders should have been raised in a protest timely filed under the Code. The Bank's failure to exhaust administrative remedies under the Tax Code precludes it from seeking judicial review. *Dallas County Appraisal Dist. v. Lal,* 701 S.W.2d 44, 46 (Tex.App.—Dallas 1985, writ ref'd n.r.e.).

We overrule cross-point one.

## B. ATTORNEY'S FEES

In a second cross-point, the Bank asks this Court to award an additional $5,000 for attorney's fees, in accordance with the jury verdict. In the verdict, the jury awarded the Bank $12,500 for the trial; $5,000 for the appeal to the court of appeals; and additional amounts if the Taxing Authorities appeal to higher courts. In the judgment, the trial court awarded the Bank "$5,000 in attorney's fees," without specifying the reason for the award.

■ In the one-sentence argument under this point, the Bank lays claim to an additional $5,000 in attorney's fees. The Bank does not say that it told the trial court about its dissatisfaction with the award of attorney's fees. In order to bring forward this complaint in a cross-point, the Bank was required to apprise the trial court of its dissatisfaction with the judgment. *Portland Savings & Loan Ass'n v. Bernstein,* 716 S.W.2d 532, 541 (Tex.App.—Corpus Christi 1985, writ ref'd n.r.e.). The Bank should have filed a written motion objecting to an award of less than the full amount of attorney's fees granted by the jury.

The Bank waived any error.

We affirm the judgment of the trial court.