NUMBER
13-01-277-CV

 

                             COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

DONNA INDEPENDENT 

SCHOOL DISTRICT,                                                            Appellant,

 

                                                   v.

 

JOHN ROGERS, AND
OTHERS 

SIMILARLY SITUATED,                                                        Appellees.

 

     On appeal from the 332nd District Court of
Hidalgo County, Texas.

 

 

                          OPINION ON REHEARING

 








                     Before Justices Dorsey,
Yañez, and Chavez[1]

                                   Opinion by
Justice Yañez

 

 

Our original
opinion in this case was issued May 16, 2002. 
See Donna Indep. Sch. Dist. v. Rogers, No. 13-01-277-CV, 2002
Tex. App. LEXIS 3521 (Tex. App.BCorpus Christi
May 16, 2002, no pet. h.) (not designated for publication).  Appellees, John Rogers, et al.,  filed a motion for reconsideration, arguing
that this Court erred in: (1) treating the issue of voluntary payment as a
jurisdictional issue, rather than as an affirmative defense; and (2) addressing
voluntary payment as a bar to appellees= recovery
because appellant Donna Independent School District (Athe District@) waived the
issue by failing to plead it as an affirmative defense.  Appellees argue that the issue of voluntary
payment as a bar to recovery is an issue of standing, estoppel, or waiver, and
that each of these theories must be pled as an affirmative defense.  See Tex.
R. Civ. P. 94.  Upon review of the
record, we withdraw our prior opinion, and substitute the following opinion.

In this appeal,
the District challenges a judgment requiring it to either: (1) refund a surplus
of funds raised with an ad valorem tax or (2) hold a referendum election
to have the voters determine the disposition of the surplus.  The District contends, inter alia, that
the trial court was without subject matter jurisdiction because appellees
failed to exhaust their administrative remedies under the tax code.  We agree and hold the trial court=s judgment is
void.  We dismiss appellees= claims.     








Background[2]

The District
adopted an ad valorem tax rate of $1.41 for the 1996-1997 school
year.  $0.19 of this rate was levied to
pay existing bond debt.  In February of
1997, the District paid off the bond debt, leaving a surplus amount of
$1,132,000.00 in the Ainterest and
sinking fund,@ which was the
account created to hold the bond monies. 
The surplus money in the interest and sinking fund represented an
accumulation of money from bond taxes, delinquent bond taxes, and interest and
penalties on delinquent bond taxes.  

In August of
1998, the District transferred the surplus funds in the interest and sinking
fund to the District=s maintenance
and operations fund.  The appellees filed
suit,  initially seeking injunctive
relief and a declaratory judgment.[3]  The appellees later amended their petition to
remove the prayer for declaratory relief, leaving only a prayer that the trial
court issue a judgment ordering that the Afull amount of
the surplus be rebated to the tax payers or that in the future, the tax payers
receive a roll back on their taxes equivalent to the amount of the surplus.@  The appellees also requested attorneys= fees and
costs.








The case was
tried before a jury in September of 2000. 
The jury found that at the end of the 1996-1997 fiscal year, the
District had $1,132,000 in its debt service fund, $1,072,000 of which was
transferred to the maintenance and operations fund during the fiscal year
1997-1998.  The jury further found that
the District did not have outstanding bond debt at the time of the transfer of
funds.  The jury also found that ten
percent of the money would be reasonable attorneys= fees.

The trial court
issued a judgment ordering the District to implement one of the following
alternatives: (1) reimburse each person in the District who paid school taxes
in 1996 and 1997 a pro rata share of the $1,132,000 surplus, plus five
percent interest; (2) credit each current taxpayer in the District a pro
rata share of the surplus, plus five percent interest; or (3) hold a
referendum election to enable taxpayers within the District to determine if the
District should reimburse the taxpayers, credit the taxpayers, or use the
surplus for the construction of specific future school projects.[4]  The trial court also awarded appellees all
court costs and $132,196.00 in attorneys= fees.

By nine issues,
the District challenges the judgment of the trial court, contending generally:
(1) the trial court lacked subject matter jurisdiction because appellees failed
to exhaust their administrative remedies, which are the exclusive means by
which taxpayers may obtain a tax refund; (2) appellees failed to state a
legally cognizable claim because the Texas Education Code neither prohibits a
school district from creating a surplus in its interest and sinking fund nor
from transferring such a surplus to its general fund; (3) the trial court erred
in awarding appellees attorneys= fees; and (4)
the trial court erred in awarding appellees prejudgment interest.

Jurisdiction








By its second
issue, the District contends the trial court lacked subject matter jurisdiction
in this case because appellees failed to exhaust their administrative
remedies.  Specifically, the District
argues that appellees= claim is
essentially a claim for a refund of ad valorem taxes and that the
exclusive remedy available for obtaining such a refund is provided by the
administrative provisions set forth in the tax code.  See Tex.
Tax Code Ann. ' 42.09(a)(2)
(Vernon 2001).  The District contends
that compliance with the administrative procedures provided in the tax code is
jurisdictional.  Because it is undisputed
that appellees failed to exhaust their administrative remedies under the tax
code,[5]
the District contends the trial court lacked subject matter jurisdiction.

In considering
the question of the trial court=s jurisdiction,
we note that subject matter jurisdiction is never presumed and cannot be
waived.  Texas Ass=n of Bus. v.
Texas Air Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993); Garcia-Marroquin v.
Nueces County Bail Bond Bd., 1 S.W.3d 366, 373 (Tex. App.BCorpus Christi
1999, no pet.).  Appellate court
jurisdiction of the merits of a case extends no further than that of the court
from which the appeal is taken.  Dallas
County Appraisal Dist. v. Funds Recovery, 887 S.W.2d 465, 468 (Tex. App.BDallas 1994,
writ denied).  If the trial court lacked
jurisdiction, then an appellate court only has jurisdiction to set the judgment
aside and dismiss the cause.  Id.   








In order for a
taxpayer to protest an action taken by a taxing authority, the taxpayer must
follow the procedures outlined by the tax code. 
Harris County Appraisal Dist. v. Texas Nat'l Bank, 775 S.W.2d 66,
69 (Tex. App.BHouston [1st
Dist.] 1989, no writ).  These
requirements are jurisdictional.  Id.  The procedures prescribed by the tax code
are the exclusive means by which a property owner may challenge the valuation
of his property by an appraisal district. 
Dallas County Appraisal Dist. v. Lal, 701 S.W.2d 44, 46 (Tex.
App.BDallas 1985,
writ ref'd n.r.e.).  Section 42.09
specifically states:

Remedies
Exclusive

(a) Except as
provided by Subsection (b) of this section, procedures prescribed by this title
for adjudication of the grounds of protest authorized by this title are exclusive,
and a property owner may not raise any of those grounds: (1) in defense to a
suit to enforce collection of delinquent taxes; or (2) as a basis of a claim
for relief in a suit by the property owner to arrest or prevent the tax
collection process or to obtain a refund of taxes paid.

 

Tex. Tax Code Ann. ' 42.09(a)
(Vernon 2001) (emphasis added).   The tax
code thus prohibits a party from filing suit for a tax refund, unless the party
first protests the tax under the provisions of the tax code.  See id.; First Bank of Deer Park v.
Harris County, 804 S.W.2d 588, 591 (Tex. App.BHouston [1st Dist.] 1991, no writ).  

Section 41.41
of the tax code provides eight specific determinations that may be protested by
a property owner or agent to an appraisal review board.  See
Tex. Tax Code Ann. ' 41.41 (Vernon
2001).  In addition to the determinations
specified in the statute, subsection (9) authorizes a taxpayer to protest
"any other action of the chief appraiser, appraisal district, or appraisal
review board that applies to and adversely affects the property
owner."  Id. ' 41.41(9).  








The intent of
the administrative review process is to provide aggrieved taxpayers relief
without the necessity of resorting to the courts.  Webb County Appraisal Dist. v. New Laredo
Hotel, Inc., 792 S.W.2d 952, 954 (Tex. 1990); Funds Recovery, Inc., 887
S.W.2d at 470.  

As the Fort
Worth Court of Appeals has stated,

Where a statute
creates a right not existing at common law (such as the right to appeal granted
in the section of the tax code under discussion) and prescribes a remedy to
enforce that right, the courts have subject matter jurisdiction to act only in
the manner provided by the statute that created the right.  This principle applies with full force to the
Texas Tax Code.

  

Fountain
Parkway, Ltd. v. Tarrant Appraisal Dist., 920 S.W.2d 799, 802 (Tex. App.BFort Worth
1996, writ denied) (citations omitted).  

In the case
before us, appellees contend they are entitled to a tax refund  because the District collected an illegal
bond tax by taking that portion of appellees= ad valorem taxes levied to pay
bond taxes and placing it in the District=s operating
account.  

At trial,
Francis Rogers testified as class representative.  Rogers was the only plaintiff to
testify.  Rogers stated that he is a
concerned citizen and has Aalways been
involved,@ because of his
belief that his tax money has been spent unwisely.  Rogers stated that he challenges governmental
entities that misuse his tax money. 
Rogers frequently attends meetings of the District=s Board of
Trustees and was doing so at the time the $0.19 tax in question was
levied.  Rogers testified that he was
familiar with laws requiring the publication of the District=s tax rate and
the laws involved in challenging that tax rate. 
We find no evidence in the record that Rogers complied with the
administrative procedures outlined in the tax code.








We find
appellees= claim of
entitlement to a tax refund because the District collected an illegal debt tax
is Aa basis of a
claim for relief in a suit by the property owner to arrest or prevent the tax
collection process or to obtain a refund of taxes paid.@  Tex.
Tax Code Ann. ' 42.09(a)
(Vernon 2001).  We hold that because
appellees did not exhaust their administrative remedies, this Court lacks
jurisdiction to review appellees= claims.

Accordingly, we
sustain the District=s second issue,
set aside the trial court=s judgment, and
DISMISS appellees= cause. 

 

                                                                          
                                                                

LINDA REYNA YAÑEZ

Justice

 

 

Do not publish. 
Tex. R. App. P. 47.3.

 

Opinion delivered and filed this the

8th day of August, 2002.

 











[1]Retired
Justice Melchor Chavez, assigned to this Court by the Chief Justice of the
Supreme Court of Texas pursuant to Tex.
Gov=t Code Ann. '
49.09(f) (Vernon 1998).





[2]Because
appellees did not contradict the appellant=s
statement of facts as contained in its appellate brief, the facts presented in
this opinion are taken from the appellant=s
brief.  See Tex. R. App. P. 38.1(f) (in a civil
case, appellate court is to accept as true facts stated in appellant=s
brief unless another party contradicts those facts).





[3]The
plaintiffs in this lawsuit, appellees in this appeal, are defined in the
petition as John Rogers and all other taxpayers subject to the $0.19 ad
valorem tax.





[4]On
September 17, 2001, the District adopted a resolution authorizing a credit to
each tax account in the District, whereby the debt tax levied for the fiscal
year 2001-2002 is to be paid for out of excess funds prior to September 30,
2001.  No issues with regard to the
District=s adoption of
the September 17, 2001 resolution are before us and we decline to comment on
it.  





[5]There
was testimony from Agapito Navarro, the District=s
assistant superintendent for business and finance, that three people did
protest the 1996-97 tax.  However, these
three people are not identified in the record before us and no evidence was
adduced concerning them at trial by appellees.