NUMBER 13-02-083-CV


COURT OF APPEALS


THIRTEENTH DISTRICT OF TEXAS


CORPUS CHRISTI - EDINBURG



FOUNDATION OF HOPE, INC. Appellant, 

v.


SAN PATRICIO COUNTY APPRAISAL DISTRICT, Appellee.




On appeal from the 36th District Court

of San Patricio County, Texas.







 M E M O R A N D U M O P I N I O N



Before Chief Justice Valdez and Justices Rodriguez and Dorsey (1)


Opinion by Chief Justice Valdez


 The Foundation of Hope, Inc. ("Foundation") appeals a summary judgment denying it a tax exemption for the year 2000. 
We hold that the Foundation failed to exhaust its administrative remedies and dismiss this appeal for want of jurisdiction. 

Factual and Procedural Background


 In reviewing the summary judgment record, the appellate court must resolve all factual disputes and indulge all inferences
in favor of the non-movant. Nixon v. Mr. Property Management Co., 690 S.W.2d 546, 548-49 (Tex. 1985). Accordingly,
the following statement of facts resolves those conflicts in favor of the Foundation. 

 In February of 2000, the Foundation requested an application form from the San Patricio County Appraisal District
("District") so that it could apply for a tax exemption for 2000. The District furnished the Foundation with the incorrect
application form. Although the District was aware that the Foundation was a Community Housing Development
Corporation, the District provided the Foundation not with an application form for a Community Housing Development
Corporation, but instead gave it an application form for a Charitable Organization Improving Property for Low Income
Housing. Compare Tex. Tax Code Ann. § 11.181 (Vernon 2001) (governing Charitable Organizations Improving Property
for Low Income Housing) with Tex. Tax. Code Ann. § 11.182 (Vernon 2001) (governing Community Housing
Development Corporations Improving Property for Low-Income and Moderate-Income Housing).

 The Foundation submitted its application to the District on March 20, 2000, on the form provided, and the District denied
the application on May 11, 2000, on grounds that the Foundation's application was "in contradiction to section 11.181" of
the code, and that the Foundation failed to provide the District information regarding salaries and compensation as required
under section 11.18(e) and (f) of the tax code. See Tex. Tax. Code Ann. § 11.181 (Vernon 2001) (governing Charitable
Organizations Improving Property for Low-Income Housing); Tex. Tax. Code Ann. § 11.18 (Vernon 2001) (governing
Charitable Organizations). The Foundation did not protest the district's denial of its request for an exemption. See Tex.
Tax. Code Ann. §§ 41.41- 41.47 (Vernon 2001) (establishing procedure for protests of tax valuation on property). 

 In September of 2000, the District provided the Foundation with the correct application form, and the Foundation
submitted this application on October 4, 2000. The District denied the application on October 26, 2000 on grounds that it
had not been timely filed. See Tex. Tax. Code Ann. § 11.43 (Vernon 2001) (requiring exemption applications to be filed
before May 1 of the applicable tax year); see alsoTex. Tax. Code Ann. § 11.43(d) (Vernon 2001) (allowing a sixty-day
extension to file exemption application for "good cause shown"). The Foundation protested this decision, then appealed to
district court. See Tex. Tax. Code Ann. § 42.01 (Vernon 2001) (allowing property owners to appeal orders of appraisal
review board).

 In district court, the District moved for a traditional summary judgment on grounds that (1) the Foundation failed to
exhaust its administrative remedies by failing to protest the initial denial of its application in May of 2000, and (2) the
Foundation filed its second exemption application after the deadline, and it was not entitled to file a late application
because it was not claiming an exemption as a charitable organization. The trial court granted the District's motion for
summary judgment on grounds that the Foundation failed to timely file its application for an exemption and failed to
exhaust its administrative remedies as provided by the tax code. This appeal ensued.

Standard of Review


 To prevail on a traditional summary judgment motion, a movant must show that no genuine issue of material fact exists
and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Southwestern Elec. Power Co. v. Grant, 73
S.W.3d 211, 215 (Tex. 2002). A movant who conclusively negates at least one essential element of a cause of action is
entitled to summary judgment on that claim. Elliott-Williams Co. v. Diaz, 9 S.W.3d 801, 803 (Tex. 1999). Alternatively,
the defendant must conclusively establish every element of an affirmative defense. Cathey v. Booth, 900 S.W.2d 339, 341
(Tex. 1995). 

 When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every
reasonable inference and resolve any doubts in the nonmovant's favor. Southwestern Elec. Power Co., 73 S.W.3d at 215;
Sci. Spectrum, Inc. v. Martinez, 941 S.W.2d 910, 911 (Tex. 1997). 

 It is well settled that exemptions from taxation are subject to strict construction. North Alamo Water Supply Corp. v.
Willacy County Appraisal Dist., 804 S.W.2d 894, 899 (Tex. 1991). Accordingly, the organization seeking the exemption
must clearly show that it falls within the statutory exemption. Id.; Circle C Child Dev. Ctr., Inc. v. Travis Cent. Appraisal
Dist., 981 S.W.2d 483, 486 (Tex. App.-Austin 1998, no pet.) 

Analysis

 

 In order for a taxpayer to protest an action taken by a taxing authority, the taxpayer must follow the procedures outlined by
the tax code. Harris County Appraisal Dist. v. Tex. Nat'l Bank, 775 S.W.2d 66, 69 (Tex. App.-Houston [1st Dist.] 1989, no
writ). These requirements are jurisdictional. See id.

 A property owner is entitled to protest, before the appraisal review board, any action by the chief appraiser, appraisal
district, or appraisal review board that applies to, and adversely affects, the property owner. Tex. Tax. Code Ann. §
41.41(a)(9) (Vernon 2001). After filing the required notice of protest, the property owner is entitled to an opportunity to
appear and present evidence or argument to the appraisal review board. Tex. Tax. Code Ann. §§ 41.44, 41.45 (Vernon
2001). The property owner can then appeal the decision of the appraisal review board to the district court. Tex. Tax. Code
Ann. § 42.01(1)(A), 42.21(a) (Vernon 2001). 

 The administrative review procedures prescribed for resolution and appeal of such a tax valuation protest are exclusive. 
Tex. Tax. Code Ann. § 42.09(a) (Vernon 2001); Quorum Int'l v. Tarrant Appraisal Dist., No. 2-02-216-CV, 2003 Tex.
App. LEXIS 5465, *10 (Fort Worth June 26, 2003, no pet. h.). Exact compliance with the procedures of chapters 41 and
42, within the prescribed time periods, is mandatory before a property owner can maintain a valuation challenge in district
court. Tex. Tax Code Ann. § 42.09; Atascosa County Appraisal Dist. v. Tymrak, 858 S.W.2d 335, 336 (Tex. 1993). 
Where a property owner fails to avail itself of the administrative remedies provided by the tax code in a timely and proper
fashion, it has failed to exhaust its administrative remedies and cannot further dispute tax liability. Aldine Indep. Sch. Dist.
v. Baty, 999 S.W.2d 113, 117 (Tex. App.-Houston [14th Dist.] 1999, no pet.); Keggereis v. Dallas Cent. Appraisal Dist.,
749 S.W.2d 516, 519 (Tex. App.-Dallas 1988, no writ). 

 Under the tax code, the Foundation was required to file its notice of protest within thirty days after receiving notice of the
appraisal district's decision regarding the property. Tex. Tax. Code Ann. § 41.44(a) (Vernon 2001); Escamilla v. City of
Laredo, 9 S.W.3d 416, 422 (Tex. App.-San Antonio 1999, pet. denied). It is undisputed that the Foundation failed to
protest the initial decision of the District within thirty days. The Foundation argues that the District was estopped from
denying it an exemption because the District knew that the Foundation was a Community Housing Development
Organization, but nevertheless provided it with the incorrect application, that is, an application for exemption for a
Charitable Organization Improving Property for Low Income Housing. The Foundation further argues that it was entitled
to file a second, late application for exemption because it is a Charitable Organization, and the tax code allows Charitable
Organizations to seek exemptions for up to five years after the year at issue. See Tex. Tax Code Ann. § 11.435 (Vernon
2001) (allowing late applications for "charitable organization exemption under Section 11.18"). 

 We reject these contentions. Neither argument excuses the Foundation from complying with the statutory prerequisites for
suit under the tax code following the District's denial of the Foundation's initial application for an exemption. The
Foundation's estoppel argument could have been raised in a timely protest of the district's initial denial, but was not. 
Further, the Foundation cannot excuse its failure to meet the statutory prerequisites by filing a second, untimely application
and characterizing it as an application for an exemption by a Charitable Organization. The summary judgment evidence
affirmatively shows that, in its second application, the Foundation sought an exemption, not as a Charitable Organization
under section 11.18, but as a Community Housing Development Corporations Improving Property for Low-Income and
Moderate-Income Housing under section 11.182. Compare Tex. Tax. Code Ann. § 11.18 with Tex. Tax. Code Ann. §
11.182. The tax code, by its express terms, allows late applications only for a "charitable organization exemption under
Section 11.18," and the express language of this section does not apply to Community Housing Development Corporations
Improving Property for Low-Income and Moderate-Income Housing. Moreover, and fundamentally, the summary
judgment record is devoid of any evidence indicating that the Foundation meets the criteria listed for a charitable
organization. See Tex. Tax. Code Ann. § 11.435(d) (Vernon 2001) (appraiser can grant a late exemption for property under
this section only if the property is otherwise qualified for the exemption). 

Conclusion


 Based on the record before us, we conclude that the Foundation failed to exhaust its administrative remedies under the tax
code prior to bringing the underlying proceeding in district court. A party's failure to exhaust its administrative remedies
deprives the trial court of jurisdiction. Webb County Appraisal Dist. v. New Laredo Hotel, 792 S.W.2d 952, 954-955 (Tex.
1990); Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp., 90 S.W.3d 847, 851 (Tex. App.-San Antonio 2002, pet.
denied); Gibbud v. Moron, 972 S.W.2d 797, 800 (Tex. App.-Corpus Christi 1998, pet. denied). Appellate court jurisdiction
of the merits of a case extends no further than that of the court from which the appeal was taken. Dallas County Appraisal
Dist. v. Funds Recovery, 887 S.W.2d 465, 468 (Tex. App.-Dallas 1994, writ denied). If the trial court lacks jurisdiction,
then an appellate court only has jurisdiction to set the judgment aside and dismiss the cause. Id.

 Accordingly, we set aside the judgment of the trial court and dismiss this appeal. See id.

 


 

 Rogelio Valdez,

 Chief Justice



 

Opinion delivered and filed

this 11th day of September, 2003.

 





















1. Retired Justice J. Bonner Dorsey assigned to this Court by the Chief Justice of the Supreme Court of Texas
pursuant to tex. Gov't Code ANN. § 74.003 (Vernon 1998 ), did not participate in this decision.