**Affirmed and Memorandum Opinion filed May 14, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-13-01101-CV

**PLEASANT HILL COMMUNITY DEVELOPMENT CORPORATION,**
**Appellant**

**V.**

**THE APPRAISAL REVIEW BOARD OF HARRIS COUNTY AND HARRIS COUNTY APPRAISAL DISTRICT, Appellees**

**On Appeal from the 129th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2012-72430**

## M E M O R A N D U M   O P I N I O N

Appellant Pleasant Hill Community Development Corporation sued the appellees, the Appraisal Review Board of Harris County and Harris County Appraisal District, based on their failure to hold a hearing on Pleasant Hill's alleged tax protests. Pleasant Hill appeals from the district court's order dismissing its suit and contends that the trial court erred in granting the plea to the jurisdiction. We affirm.

## FACTS AND PROCEDURAL BACKGROUND

Pleasant Hill owns an apartment complex known as Britton Place Apartments, located at 3706 Lyons Avenue in Houston, Texas (the "Property"). Prior to 2009, Pleasant Hill had an exemption from the payment of property taxes because of its status as a community housing development organization that provided housing to low income and disadvantaged families. *See* Tex. Tax Code § 11.182.

On September 21, 2009, the Harris County Appraisal District sent a letter to Pleasant Hill informing it that the Harris County Appraisal District had not received its required annual audit for the tax years 2006 through 2009. The subject line of the letter reflected that it was being sent to address the "Annual Audit of Community Housing Development Organizations." The letter stated that for Pleasant Hill to continue receiving an exemption under section 11.182 or section 11.1825, it was required to have an audit prepared annually by an independent certified public accountant. The letter concluded by stating that if the audit was not furnished to the Harris County Appraisal District by October 21, 2009, Pleasant Hill's exemption for the tax years 2006 through 2009 would be cancelled.

On November 4, 2009, the Harris County Appraisal District sent Pleasant Hill another letter to inform it that Pleasant Hill's exemption on the Property had been cancelled. The letter stated that after conducting an investigation, the Harris County Appraisal District determined that the purpose and use of the Property did not meet the requirements set forth in the Texas Property Tax Code for the tax years 2006 through 2009. The letter also stated that pursuant to section 41.44 of the Tax Code, Pleasant Hill had the right to appeal the cancellation of its exemption "by filing a written notice of protest within thirty (30) days of the date of this letter." The letter was sent to Pleasant Hill by certified mail, return receipt

requested. The return receipt accompanying the letter was attached as an exhibit to the plea to the jurisdiction and reflects that the letter was received on November 6, 2009.

Pleasant Hill claims that it has no record of ever receiving the two letters and that it only learned of the cancellation when it was sued by Harris County for delinquent property taxes.[1] On January 2, 2012, Pleasant Hill's counsel, Hugh McKenney, sent a letter to the Chief Appraiser, the Harris County Appraisal District, and the Appraisal Review Board regarding its "Application for Exemption, Notice of Protest, [and] Request for Correction." In the letter, Pleasant Hill requested an exemption for the tax years 2006 through 2011 under section 11.435, which allows charitable organizations to file late applications for exemptions. See Tex. Tax Code § 11.435. The letter stated that pursuant to section 41.41(a)(9), Pleasant Hill was protesting the appraisal district's records, classification of the property without exemptions for tax years 2006 through 2011, and the actions of the chief appraiser and appraisal district in cancelling the exemption. Pleasant Hill requested a hearing to address the issues raised in its letter. The letter also requested that all notices regarding Pleasant Hill's protest be sent to Pleasant Hill's counsel, Hugh McKenney.

In response to Pleasant Hill's letter, the Appraisal Review Board issued twelve orders of dismissal on June 28, 2012. The orders of dismissal addressed each of the two accounts associated with the Property for the tax years 2006

---

[1] Although Pleasant Hill claims on appeal that it has no record of ever receiving letters from the Harris County Appraisal District, the transcript of the hearing on the plea to the jurisdiction establishes otherwise. When discussing the receipt of the letter during the hearing, Pleasant Hill's counsel stated "[t]he reason that the protest wasn't filed was somebody on-site, the manager, filed it in the circular file because it looked like form mail." The trial judge asked Pleasant Hill's counsel whether Pleasant Hill did anything with the letter when it received it and counsel stated "[t]hey threw it away, unfortunately."

3

through 2009.[2] The orders informed Pleasant Hill that the Appraisal Review Board considered each "motion and/or protest relating to the property and tax year described" and determined that it did not have jurisdiction to consider or grant the relief requested. The orders were mailed to O'Connor & Associates. Pleasant Hill contends that it did not discover the orders until the Appraisal Review Board attached them to its plea to the jurisdiction in the underlying case.

Upon learning about these orders, Pleasant Hill filed an additional protest on October 30, 2013, during the pendency of the underlying case. The letter stated that Pleasant Hill was protesting the actions of the Appraisal Review Board pursuant to sections 41.411, 41.41(a)(9), and section 41 in general. Pleasant Hill complained that the Appraisal Review Board (1) failed to hold a hearing; (2) failed to identify what was considered in rendering the orders; (3) improperly determined that it did not have jurisdiction; and (4) failed to properly send notice to Pleasant Hill's counsel. Pleasant Hill did not include this protest in its original petition, but instead attached it as an exhibit to its supplemental response to the plea to the jurisdiction.

On December 7, 2012, Pleasant Hill sued the Harris County Appraisal District and the Appraisal Review Board (collectively, "the Taxing Authorities") in the district court seeking an order compelling an administrative hearing on its motions and protests pursuant to section 41.45(f) of the Tax Code. The original petition states that Pleasant Hill sued the Taxing Authorities under the applicable provisions of Chapters 25, 41, and 42 of the Tax Code. In a plea to the jurisdiction, the Taxing Authorities argued that the district court lacked jurisdiction to compel a hearing because Pleasant Hill failed to exhaust its administrative remedies by

---

[2] The Property is identified by the Harris County Appraisal District under two account numbers: 1212480010001 and 1212480020001.

failing to file a timely protest in compliance with the procedures of section 41.41 of the Tax Code. The district court granted the plea to the jurisdiction on November 11, 2013.

## STANDARD OF REVIEW

Subject matter jurisdiction is essential to a court's authority to act. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction is a dilatory plea seeking to defeat a plaintiff's claims, regardless of merit, by challenging the district court's jurisdiction to hear the subject matter of the dispute. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). We review a trial court's ruling on a plea to the jurisdiction de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

A defendant's jurisdictional plea may challenge either the plaintiff's pleadings or the existence of jurisdictional facts. *Id*. at 226−28. When the defendant challenges the existence of jurisdictional facts, the court must consider the relevant evidence submitted by the parties. *See id*. at 227. If that evidence raises a fact issue as to jurisdiction, the court must deny the defendant's plea because the trier of fact must resolve the issue. *See id*. at 227−28. However, if the relevant evidence is undisputed or fails to present a jurisdictional fact issue, the court should grant the plea as a matter of law. *Id*. at 228.

## ANALYSIS OF APPELLANT'S ISSUE

In its sole issue on appeal,[3] Pleasant Hill contends that the district court erred in granting the plea to the jurisdiction. We begin our discussion with a brief overview of the Tax Code and then analyze whether the district court properly concluded that it lacked jurisdiction over Pleasant Hill's case.

---

[3] Although Pleasant Hill's brief contains three separate issue sections, they all pertain to whether the district court properly granted the plea to the jurisdiction.

**The Texas Tax Code**

The district courts are courts of general jurisdiction and are presumed to have subject matter jurisdiction unless a contrary showing is made, such as when the legislature bestows exclusive original jurisdiction on an administrative body. *See* Tex. Const. art. V, § 8; *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex. 2002); *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. O'Connor & Assocs.*, 267 S.W.3d 413, 416 (Tex. App.—Houston [14th Dist.] 2008, no pet.). An agency has exclusive jurisdiction when a pervasive regulatory scheme indicates that the legislature intended for the regulatory process to be the exclusive means of remedying the problem to which the regulation is addressed. *Subaru*, 84 S.W.3d at 221. The Tax Code is a classic example of a pervasive regulatory scheme evidencing a legislative intent to vest the appraisal review boards with exclusive jurisdiction. *Jim Wells Cnty. v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 871 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The legislature bestowed exclusive original jurisdiction in ad valorem tax cases on the appraisal review boards and granted district courts appellate jurisdiction over appraisal review board orders. *See* Tex. Tax Code §§ 41.45, 42.21; *see also Cameron Appraisal Dist. v. Rourk*, 194 S.W.3d 501, 502 (Tex. 2006) (per curiam).

In order for a taxpayer to protest an action taken by a taxing authority, the taxpayer must follow the procedures outlined by the Tax Code. *Harris Cnty. Appraisal Dist. v. Tex. Nat'l Bank of Baytown*, 775 S.W.2d 66, 69 (Tex. App.—Houston [1st Dist.] 1989, no writ). The Tax Code provides detailed administrative procedures for property owners who contest their property taxes. *Cameron Appraisal Dist.*, 194 S.W.3d at 502. This administrative review process is intended to "resolve the majority of tax protests at this level, thereby relieving the burden on the court system." *Webb Cnty. Appraisal Dist. v. New Laredo Hotel, Inc.*, 792

S.W.2d 952, 954 (Tex. 1990). These remedial procedures are, with a few exceptions, exclusive and jurisdictional. *See Cameron Appraisal Dist.*, 194 S.W.3d at 502.

### The District Court Properly Granted the Plea to the Jurisdiction

Pleasant Hill contends that the district court erred in granting the plea to the jurisdiction because the district court had jurisdiction to compel the Appraisal Review Board to hold a hearing on its January 2, 2012 protest pursuant to section 41.45(f) of the Tax Code. Pleasant Hill also argues that section 41.45(f) is unconstitutional.

**A.**  **The District Court Lacked Jurisdiction to Compel the Appraisal Review Board to Hold a Hearing on Pleasant Hill's January 2, 2012 Protest**

Pleasant Hill asserts that the district court was required to compel the Appraisal Review Board to conduct a hearing pursuant to section 41.45(f) of the Tax Code. *See* Tex. Tax Code § 41.45(f). Pleasant Hill contends that it was entitled to a hearing regarding the cancellation of its exemption.[4]

The Taxing Authorities argue that section 41.45(f) applies only to a taxpayer

---

[4] Pleasant Hill also asserts that it was entitled to a hearing based on its October 30, 2013 protest regarding the Appraisal Review Board's orders. However, section 42.01 provides the exclusive remedy for challenging an appraisal review board's decision. *See* Tex. Tax Code § 42.01(a)(1)(A) (providing that a property owner may appeal an order of the appraisal review board); *Rio Valley, LLC v. City of El Paso*, 441 S.W.3d 482, 488 (Tex. App.—El Paso 2014, no pet.) ("The procedures prescribed by the Tax Code for adjudication of the grounds of protest are exclusive."). Pleasant Hill was not entitled to a hearing for its October 30, 2013 protest because the proper remedy was to seek an appeal of the Appraisal Review Board's orders. To have invoked the district court's jurisdiction, Pleasant Hill had to file its petition on or before August 28, 2012, the statutory deadline. Pleasant Hill did not file the underlying suit until December 7, 2012. *See* Tex. Tax Code § 42.21(a) (requiring that a property owner who appeals an appraisal review board's order must file a petition for review with the district court within 60 days of receiving notice that a final order was entered).

who complies with the statutory guidelines set forth in section 41.44 of the Tax Code. Section 41.44(a)(3) provides that "to be entitled to a hearing and determination of protest, the property owner initiating the protest must file a written notice of the protest . . . not later than the 30th day after the date notice of the change [in the appraisal records] is delivered to the property owner." *Id*. The Taxing Authorities argue that because Pleasant Hill did not file a protest within thirty days of receiving notice of the cancellation of its exemption, it was not entitled to a hearing. Accordingly, the Taxing Authorities contend that Pleasant Hill's failure to exhaust its administrative remedies deprived the district court of jurisdiction.

A property owner is entitled to protest, before the appraisal review board, any action by the chief appraiser, appraisal district, or appraisal review board that applies to, and adversely affects, the property owner. *Id*. § 41.41(a)(9). Upon the filing of a notice as required by section 41.44, the appraisal review board must schedule a hearing on the protest. *Id*. § 41.45(a). In arguing that the district court was required to compel the Appraisal Review Board to hold a hearing, Pleasant Hill primarily relies on section 41.45(f) of the Tax Code, which provides in relevant part:

> A property owner who has been denied a hearing to which the property owner is entitled under this chapter may bring suit against the appraisal review board by filing a petition or application in district court to compel the board to provide the hearing.

*Id*. §41.45(f).

This court has consistently rejected a property owner's reliance on section 41.45(f) as a means of creating a new avenue of judicial appeal in tax protest cases. *See O'Connor & Assocs.*, 267 S.W.3d at 417−18; *Appraisal Review Bd. of Harris Cnty. Appraisal Dist. v. Spencer Square Ltd.*, 252 S.W.3d 842, 844−45 (Tex.

8

App.—Houston [14th Dist.] 2008, no pet.); *Hotel Corp. Int'l v. Harris Cnty. Appraisal Dist.*, No. 14-09-00006-CV, 2010 WL 2195461, at *3 (Tex. App.—Houston [14th Dist.] June 3, 2010, no pet.) (mem. op.). To be entitled to a hearing and determination of a protest, the property owner initiating the protest must file a written notice of the protest with the appraisal review board in accordance with the procedural requirements set out in the Tax Code. *Spencer Square*, 252 S.W.3d at 845 (citing Tex. Tax Code § 41.44(a)). Section 41.45(f) grants jurisdiction to the district courts to compel appraisal review boards to provide a hearing if the appraisal review board denied the property owner *a hearing to which he was entitled*, i.e. a protest hearing in front of the appraisal review board after the property owner filed a written notice of protest in compliance with the Tax Code. *Id*. (emphasis added) (citing Tex. Tax Code § 41.45(f)); *see also Nev. Gold & Silver, Inc. v. Andrews Indep. Sch. Dist.*, 225 S.W.3d 68, 75−76 (Tex. App.—El Paso 2005, no pet.). Section 41.44(a)(3) provides that "to be entitled to a hearing and determination of protest" the property owner must file a protest within thirty days of receiving notice of the change in the appraisal records. Tex. Tax Code § 41.44(a)(3).

The Harris County Appraisal District sent Pleasant Hill notice of the cancellation on November 4, 2009, including a statement that Pleasant Hill could appeal the cancellation by filing written notice of the protest within thirty days. The record establishes that Pleasant Hill received notice from the Harris County Appraisal District on November 6, 2009 that its exemption would be cancelled. Pleasant Hill cannot ignore the fact that it received this notice. *See Public, Inc. v. Cnty. of Galveston*, 264 S.W.3d 338, 344−45 (Tex. App.—Houston [14th Dist.] 2008, no pet.). It is undisputed that Pleasant Hill did not file a notice of its protest within thirty days of receiving this letter. Pleasant Hill sent its alleged protest to the

Taxing Authorities on January 2, 2012, more than two years after receiving notice. The Appraisal Review Board responded with twelve orders of dismissal in which it explained that it did not have jurisdiction to consider or grant the relief requested.[5]

A taxpayer's failure to pursue an appraisal review board proceeding deprives the courts of jurisdiction to decide most matters relating to ad valorem taxes. *Cameron Appraisal Dist.*, 194 S.W.3d at 502; *Matagorda Cnty. Appraisal Dist. v. Coastal Liquids Partners, L.P.*, 165 S.W.3d 329, 331 (Tex. 2005); *Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam); *Webb Cnty. Appraisal Dist.*, 792 S.W.2d at 954−55. Property owners must exhaust administrative remedies before seeking judicial review. *Harris Cnty. Appraisal Dist. v. ETC Marketing Ltd.*, 399 S.W.3d 364, 367 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). When a property owner fails to avail itself of the administrative remedies provided by the Tax Code in a timely and proper fashion, it has failed to exhaust its administrative remedies and cannot further dispute tax liability. *Foundation of Hope, Inc. v. San Patricio Cnty. Appraisal Dist.*, No. 13-02-083-CV, 2003 WL 22097779, at *3 (Tex. App.—Corpus Christi Sept. 11, 2003, no pet.) (mem. op.).

Although Pleasant Hill asserts that it filed a proper notice of protest in accordance with the requirements imposed by section 41.44(d), it ignores the time limitations imposed by section 41.44(a). Therefore, Pleasant Hill failed to exhaust its administrative remedies because it failed to file a protest within thirty days of receiving notice that its exemption had been cancelled. A property owner's failure

---

[5] Pleasant Hill argues that the Taxing Authorities incorrectly sent notice of the orders of dismissal to O'Connor & Associates instead of Pleasant Hill's counsel. However, Pleasant Hill's contention that it did not receive the June 28, 2012 orders is the subject of the October 30, 3013 protest over which we have concluded there is no section 41.45(f) jurisdiction. As such, we need not address this contention to resolve the issue presented here.

to exhaust its administrative remedies deprives the district court of jurisdiction. *Webb Cnty. Appraisal Dist.*, 792 S.W.2d at 954−55.

### B.     Section 41.45(f) of the Tax Code is Constitutional

Pleasant Hill contends that section 41.45(f)[6] is unconstitutional because it allows the district court to "*sua sponte* make a necessary factual determination within the confines of a jurisdictional determination" and thus, "permits a district court the unfettered discretion to forfeit a property owner's right to judicial appeal and access to open courts."

First, the record does not demonstrate that Pleasant Hill raised this constitutional challenge before the trial court. *See Gen. Motors Acceptance Corp. v. Harris Cnty. Mun. Util. Dist. #130*, 899 S.W.2d 821, 825 (Tex. App.—Houston [14th Dist.] 1995, no writ) ("Generally, constitutional challenges also must be presented to the trial court in order to be preserved for appeal."). Second, to the extent that Pleasant Hill is alleging that this section of the Tax Code denies it procedural due process and access to the courts, we disagree.[7] This exact argument was rejected in *Sonne v. Harris Cnty. Appraisal Dist.*, in which the constitutionality of a different section of the Tax Code was considered. No. 01-12-00749-CV, 2014 WL 2933227, at *7 (Tex. App.—Houston [1st Dist.] June 26, 2014, no pet.) (mem. op.). The argument is equally inapplicable here. Section 41.45(f) does not permit the district court to make "sua sponte" factual determinations; rather, it requires the district court to compel the appraisal review

---

[6] Pleasant Hill's brief does not identify the statutory provision that it alleges is unconstitutional; however, when drawing from Pleasant Hill's argument, we believe it is referring to section 41.45(f) of the Tax Code.

[7] In support of its constitutional argument, Pleasant Hill cites a single case. *See Cent. Appraisal Dist. of Rockwall Cnty. v. Lall*, 924 S.W.2d 686 (Tex. 1996). However, this case involves a separate subsection of the Tax Code and does not advance Pleasant Hill's argument.

board to hold a hearing if a property owner has been denied a hearing to which it is entitled. *See id*.; Tex. Tax Code § 41.45(f). Further, pleas to the jurisdiction routinely require courts to consider relevant evidence and facts applicable to the resolution of jurisdictional issues. *See Sonne*, 2014 WL 2933227 (citing *Miranda*, 133 S.W.3d at 226−27). We overrule Pleasant Hill's constitutional challenge.

## CONCLUSION

We affirm the district court's order and hold that the district court lacked jurisdiction.


/s/      Ken Wise
Justice


Panel consists of Justices McCally, Brown, and Wise.