**POINTER v. POINTER.**

No. 11644.

Court of Civil Appeals of Texas. San Antonio.

Oct. 9, 1946.

J. W. Ragsdale, of Victoria, for appellant.

Carsner & Carsner and C. C. Carsner, all of Victoria, for appellee.

NORVELL, Justice.

The controlling question on this appeal is whether or not the parol evidence rule has application to the deeds of conveyance involved in this litigation. McCormick and Ray, Texas Law of Evidence, p. 947.

This is a divorce case and the appellant, Vera Pointer, complains of that part of the judgment holding that three tracts of land were the community property of appellant and the appellee, A. H. Pointer. The record title to the property was in Vera Pointer. Two deeds were introduced in evidence, each reciting a consideration

paid out of the separate property of Vera Pointer and conveying lands to her "as her separate property and estate." The third tract was apparently held by Vera Pointer under a contract of sale containing similar recitations. This contract was not, however, introduced in evidence.

The testimony of A. H. Pointer is sufficient to support a finding that the property was actually paid for out of the community estate of appellant and appellee. There was some evidence that a part of the consideration for one tract was paid for by a church of which A. H. Pointer was pastor. By the express terms of the decree the equitable interest of the church, if any, was unaffected by the judgment. A. H. Pointer also testified that while he allowed the title to the properties to be taken in his wife's name, he did not intend to make a gift of the property to his wife as a part of her separate estate, and was unaware of the recitations of the deeds and contract wherein it was stated that the property was conveyed to Vera Pointer as her separate property.

■ In view of the judgment, we must assume the trial court, sitting without a jury, found in accordance with A. H. Pointer's testimony. According verity to this testimony, it must be held, that the property was community. Article 16, § 15, Texas Constitution, Vernon's Ann.St.; Articles 4614 and 4619, Vernon's Ann.Civ. Stats.

Appellant contends that the recitations in the deeds and contract, to the effect that the property was a part of the wife's separate estate, cannot be contradicted by parol. She cites Kahn v. Kahn, 94 Tex. 114, 58 S.W. 825, and Markum v. Markum, Tex.Civ.App., 210 S.W. 835, which follows the Kahn case.

■ In the Kahn case the husband was a party grantor in the deed to the wife and it was held that the parol evidence rule was applicable. In the deeds and contract here, the husband was not a party grantor to any of the written title instruments. It is a general rule, subject to certain exceptions, none of which are applicable here, that the parol evidence rule does not apply to a person who is not a party to the writ-ten instrument. Texas Law of Evidence, McCormick & Ray, p. 973, § 733.

■ In Kearse v. Kearse, Tex.Com.App., 276 S.W. 690, it was held that the opinion of the Court of Civil Appeals (262 S.W. 561) correctly stated and applied the law to the case and the judgment was affirmed. The holding of Kahn v. Kahn is set forth in the opinion of the Commission, and a clear distinction drawn between deeds from the husband to the wife containing "separate property" recitations, and deeds from third persons to the wife containing similar recitations. In cases of deeds from third persons to the wife, the recitations as to separate property have a prima facie effect only. It may be shown by parol evidence that the property is in fact community property. Smith v. Buss, 135 Tex. 566, 144 S.W.2d 529.

■ In certain cases there is evidence that the husband directed the third party to convey the property to the wife as her separate property. Such evidence is direct evidence of an intention on the part of the husband to effect a gift to his wife and in view thereof a trial court may conclude that the prima facie purport of the recitals in the conveyance should be given conclusive effect. Vera Pointer's testimony did indicate that A. H. Pointer had authorized and sanctioned her actions in taking conveyances containing separate property recitals. This was denied by A. H. Pointer, and, consequently, a fact issue was raised which was resolved against Vera Pointer by the trial court.

■ Appellant also suggests that as there was some indication in the evidence that title was taken in the name of Vera Pointer in order that certain children of A. H. Pointer by a former marriage, or a former wife, would not lay claim to the property, the conveyances here involved were fraudulent, and therefore literal effect should be given to the separate property recitations contained therein.

In our opinion this contention is fully answered by the case of Rivera v. White, 94 Tex. 538, 63 S.W. 125.

Perceiving no reversible error, the judgment of the trial court is affirmed.