**TEX–AIR HELICOPTERS, INC., Appellant,**

v.

**APPRAISAL REVIEW BOARD OF GALVESTON COUNTY, TEXAS and Galveston Central Appraisal District of Galveston County, Texas, Appellee.**

No. 14–95–00831–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 6, 1997.

Rehearing Overruled March 27, 1997.

---

Jack Holland, Houston, for appellant.

Anthony P. Brown, Kenneth J. Bower, Patrice Pujol, Galveston, for appellee.

Before YATES, HUDSON and FOWLER, JJ.

## OPINION

YATES, Justice.

In this appeal, we decide whether TEX. TAX CODE ANN. § 21.05 (Vernon 1992) constitutes a tax exemption in violation of section 2 of article VIII of the Texas Constitution. The Appraisal Review Board of Galveston County ("the Board") and the Galveston Central Appraisal District of Galveston County (collectively "appellees") allege § 21.05 is unconstitutional. The trial court granted appellees' motion for summary judgment and denied Tex–Air Helicopters, Inc.'s ("Tex–Air") cross-motion for summary judgment. We conclude § 21.05 is constitutional, and we reverse the judgment of the trial court.

The facts are undisputed. Tex–Air owns and leases helicopters to run a ferry service to offshore oil and gas facilities in the Gulf of Mexico. Tex–Air maintains the helicopters in Galveston County, and it designated Galveston County as the tax situs for the aircraft as required by the Tax Code. TEX. TAX CODE ANN. § 21.05(d) (Vernon 1992). The

Board appraised the value of the helicopters at $2,841,300 for the 1994 tax year. The Board denied any allocation based on the fair market value that fairly reflected the helicopters' use in Texas only, as allowed by § 21.05(a).

Tex–Air filed a petition in district court, appealing de novo the Board's refusal to allocate. Tex–Air agreed the appraisal correctly calculated the total fair market value of the helicopters. It also conceded that for the 1994 tax year, the helicopters were not taxed in any other jurisdiction. Tex–Air argued only that the value of the property should have been allocated as provided by § 21.05(a) of the Tax Code. In addition, Tex–Air sought attorney's fees.

Appellees filed a motion for summary judgment. Appellees argued § 21.05 is an unconstitutional tax exemption, and therefore, the denial of the allocation was proper. Tex–Air filed a response and a cross-motion for summary judgment on all of its claims against appellees and for attorney's fees. The trial court granted appellees' motion for its summary judgment and denied Tex–Air's cross-motion for summary judgment.

In its sole point of error, Tex–Air contends the trial court erred in granting appellees' summary judgment and denying Tex–Air's cross-motion for summary judgment. Tex–Air's point of error contains four separate arguments: 1) § 21.05 does not grant an exemption; 2) § 21.05 meets the tax apportionment requirements of U.S. CONST. amend. XIV; 3) no evidence supports the unconstitutional claim; and 4) Tex–Air is entitled to attorney's fees.

In determining the constitutionality of a statute, courts begin with a presumption of constitutionality. *HL Farm Corp. v. Self*, 877 S.W.2d 288, 290 (Tex.1994). The wisdom of expediency of a law is for the legislature to determine, not this court. *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 935 (Tex.1996). Furthermore, the party challenging the constitutionality of a statute bears the burden of demonstrating the enactment fails to meet constitutional requirements. *Id.*

Tex–Air first argues § 21.05 is not an unconstitutional tax exemption. The relevant portion of § 21.05 states:

> (a) If a commercial aircraft that is taxable by a taxing unit is used both in this state and outside this state, the appraisal office shall allocate to this state the portion of the fair market value of the aircraft that fairly reflects its use in this state. The appraisal office shall not allocate to this state the portion of the total market value of the aircraft that fairly reflects its use beyond the boundaries of this state.

TEX. TAX CODE ANN. § 21.05(a). Subsection (b) sets out the allocation formula. *Id.* § 21.05(b). Subsection (c) presumes aircraft removed from transportation service are located in the state only for a temporary period. *Id.* § 21.05(c). The statute also defines a "commercial aircraft" and requires the carrier to designate a tax situs. *Id.* § 21.05(d), (e).

The Texas Constitution requires all taxation to be "equal and uniform." TEX. CONST. art. VIII, § 1. All property in the state must be taxed "in proportion to its value, which shall be ascertained as may be provided by law," unless exempted by other Constitutional provisions. TEX. CONST. art. VIII, § 1(b). The Constitution does not expressly exempt property from taxation, but it does authorize the Legislature to provide specific exemptions by statute within certain specific parameters. *Dickison v. Woodmen of the World Life Ins. Soc'y,* 280 S.W.2d 315, 317 (Tex.Civ.App.—San Antonio 1955, writ ref'd). Article eight, section two lists the potential exemptions, including property for religious and educational purposes. TEX. CONST. art. VIII, § 2(a). The section concludes with the "null and void" clause, which provides that "all laws exempting property from taxation other than the property mentioned in this Section shall be null and void." *Id.* The null and void clause prevents the Legislature from broadening exemptions beyond those permitted by the Constitution. *City of Amarillo v. Love,* 356 S.W.2d 325, 327 (Tex. Civ.App.—Amarillo 1962, writ ref'd n.r.e.). Neither party contends that an exemption for commercial aircraft exists in art. VII, § 2.

The only ground stated in appellees' motion for summary judgment is that the allocation allowed by § 21.05 violates the null and void clause. In its brief, Tex–Air cites authority only for the proposition that the Legislature may constitutionally impose classifications. *E.g., Bullock v. ABC Interstate Theatres, Inc.,* 557 S.W.2d 337, 341 (Tex.Civ. App.—Austin 1977, writ ref'd n.r.e.), *cert. denied,* 439 U.S. 894, 99 S.Ct. 253, 58 L.Ed.2d 240 (1978). That line of cases is not relevant to this appeal because they address whether a classification was imposed in violation of the equal and uniform clause of TEX. CONST. art. VIII, §§ 1(a), 2. At issue here is whether § 21.05 constitutes an exemption in violation of the null and void clause of TEX. CONST. art. VIII, § 2. Even if § 21.05 is a valid, constitutional classification, it may still constitute a tax exemption and violate the null and void clause.

Appellees direct us to a decision by the Corpus Christi Court of Appeals, where the court found a provision, very similar to § 21.05, unconstitutional. *Aransas County Appraisal Review Bd. v. Texas Gulf Shrimp Co.,* 707 S.W.2d 186 (Tex.App.—Corpus Christi 1986, writ ref'd n.r.e.). In *Aransas County,* the taxpayers were the owners of ninety-five gulf shrimping trawlers who were denied a special allocation of the value of their vessels under TEX. TAX CODE ANN. § 21.03 (Vernon 1992). *Aransas County,* 707 S.W.2d at 188. The taxpayers' vessels operated within the boundaries of the state thirty percent of the year and outside the state the other seventy percent. *Id.* at 189. None of the taxpayers had acquired a taxable situs in any other state or nation. *Id.* The trial court agreed that the taxpayers should have been assessed as provided by § 21.03, but the Corpus Christi Court of Appeals disagreed, holding that § 21.03 was unconstitutional on its face. *Id.* at 188, 196. Section 21.03(a) provides:

> If personal property that is taxable by a taxing unit is used continually outside this state, whether regularly or irregularly, the appraisal office shall allocate to this state the portion of the total market value of the

property that fairly reflects its use in this state.

TEX. TAX CODE ANN. § 21.03(a).

The *Aransas County* court reasoned that this provision did not direct the taxation of property elsewhere; instead, it required a portion of the property not to be taxed at all. *Id.* at 189. It concluded the effect of the statute was to allow seventy percent of the value of the vessels to go untaxed, and therefore, it constituted an exemption in violation of the null and void clause of art. VIII, § 2. *Id.* at 190. "Regardless of whether a statute purports to define jurisdiction to tax or tax situs, if it allows property, or a portion thereof, to go untaxed, it effectively grants a tax exemption." *Id.* at 191.

The language of § 21.03(a) is very similar to § 21.05(a). Rather than direct taxation of the property elsewhere, § 21.05(a) requires the appraisal office to *not* allocate to the State the portion of the property's value that reflects use beyond the boundaries of the state. TEX. TAX CODE ANN. § 21.05(a). Just as in *Aransas County*, the taxpayers here have not established a tax situs in any other jurisdiction, and it effectively allows Tex–Air to avoid taxation on a portion of the value of their aircraft because an allocation would reduce its taxable income. Thus, by the *Aransas County* reasoning, § 21.05(a) is effectively an exemption in violation of the null and void clause.

However, cases decided since *Aransas County* strongly suggest that the reasoning behind *Aransas County* should not be followed. A distinction exists between determining taxable value and granting a tax exemption. *Tarrant Appraisal Dist. v. Colonial Country Club,* 767 S.W.2d 230, 233 (Tex.App.—Fort Worth 1989, writ denied). In *Tarrant,* the tax authorities argued that subchapter F of Chapter 23 of the Tax Code, the "Greenbelt Act" TEX. TAX CODE ANN. § 23.81–.87 (Vernon 1992 & Supp. 1996), was an unconstitutional exemption because it allowed recreational, park, and scenic land to be taxed at less than full market value. *Tarrant,* 767 S.W.2d at 233. The Fort Worth Court of Appeals disagreed, and it concluded, "[a]ppraisal under the terms of the Act provides only a meth-

od of assessing value; it does not result in exemption from taxation." *Id.* The *Tarrant* court then traced the history of the distinction between determining value and granting an exemption:

Both the Texas Supreme Court and the Legislature recognize the inherent difference between valuation and exemption. The Tax Code defines the taxable value of property as the appraised value of the property multiplied by the assessment ratio minus any allowable exemption. TEX. TAX CODE ANN. sec. 1.04(8), (9), (10) (Vernon 1982). Fifty years ago, the Texas Supreme Court explained the distinction between statutes providing for exemptions and those defining a method of valuation in *Republic Ins. Co. v. Highland Park Ind. School Dist.,* 129 Tex. 55, 102 S.W.2d 184, 193 (1937). Holding that reinsurance reserves were to be deducted from the total valuation of assets in computing taxable property, the court held that the deduction of reserves did not constitute an unconstitutional exemption of taxable property, explaining that "[t]he question is not one primarily of exemption of property from taxation, but is the filing of a standard of valuation.... The question is not one of lack of power, but purely of the exercise of discretion and judgment on the part of the Legislature." *Id.* *[102 S.W.2d]* at 193. The court later reaffirmed its holding in *Hardin v. Central American Life Ins. Co.,* 374 S.W.2d 881, 884 (Tex.1964), pointing out that the constitution, after providing that all property is to be taxed in proportion to its value, provides that value is to be "ascertained as may be provided by law." TEX. CONST. art. VIII, sec. 1 (amended 1984). The court noted that the Legislature "has simply provided that in arriving at the valuation of assets of an insurance company, account must be given to the reserve." *Hardin,* 374 S.W.2d at 884.

*Tarrant,* 767 S.W.2d at 233.

This distinction was again noted in a recent unanimous decision by the Texas Supreme Court. *Enron,* 922 S.W.2d at 941. *Enron* reversed an earlier decision by this Court holding that, among other things, TEX.

TAX CODE ANN. § 23.12(f), (g) (Vernon 1992 & Supp.1996) amounted to a tax exemption and violated the null and void clause. *Spring Indep. Sch. Dist. v. Harris County Appraisal Dist.,* 889 S.W.2d 562 (Tex.App.—Houston [14th Dist.] 1994) *rev'd sub nom. Enron,* 922 S.W.2d at 941. In *Spring Independent School District,* this court cited *Aransas County* for the proposition that "[i]f property goes untaxed, it is exempted from taxation." *Id.* at 568. The Texas Supreme Court in *Enron* disapproved of our reasoning in *Spring Independent School District* and concluded § 23.12 did not constitute a tax exemption because it was only a valuation statute. *Enron,* 922 S.W.2d at 941.

▬ We asked appellees to address, in a post-submission brief, our concerns over the conflict between the *Aransas County* decision and the more recent *Enron* and *Tarrant* decisions. In their brief, appellees make a number of arguments stressing the factual differences in *Enron* and *Tarrant* with the instant case. While both *Tarrant* and *Enron* are not as factually similar to this case as *Aransas County,* the reasoning behind *Tarrant* and *Enron* is much more persuasive. Simply because a portion of property goes untaxed, it does not necessarily follow that a tax exemption results. Indeed, when the *taxpayer* is claiming a particular provision is an exemption, courts construe the provision narrowly and will not allow an exemption to arise by implication. *Bullock v. National Bancshares Corp.,* 584 S.W.2d 268, 271–72 (Tex.1979), *cert. denied,* 444 U.S. 1016, 100 S.Ct. 667, 62 L.Ed.2d 645 (1980). Thus, we decline to follow the holding in *Aransas County.*[1]

Appellees also contend § 21.05 is not a valuation statute. Appellees argue if § 21.05 were a valuation statute, the Legislature would have placed it in Chapter 23 of the tax code, which is entitled "Appraisal Methods and Procedures." Instead, the provision resides in Chapter 21 entitled, "Taxable Situs." If we were to follow this logic, we would question why the Legislature did not place § 21.05 into Chapter 11, "Taxable Property and Exemptions" if the provision is to be construed as a tax exemption. In fact, using this reasoning, there is *more* authority for the proposition that § 21.05 is a valuation statute rather than an exemption. Both Chapter 21 and Chapter 23 are contained in Subtitle D, "Appraisal and Assessment." If anything, this suggests the Legislature intended for § 21.05 to stand as a valuation statute.

We hold the allocation provision of § 21.05(a) is not a tax exemption in violation of the null and void clause. Rather, it is a valid Legislative act under the clause contained in art. VIII, § 1, which states that property shall be taxed "in proportion to its value, which shall be ascertained as may be provided by law." TEX. CONST. art. VIII, § 1(b); *see also Hardin v. Central Am. Life Ins. Co.,* 374 S.W.2d 881, 884 (Tex.1964).

▬ Tex–Air also claims it was entitled to attorney's fees. The tax code provides that the prevailing property owner may be awarded attorney's fees in certain appeals of appraisals to the district court. TEX. TAX CODE ANN. § 42.29 (Vernon 1992). Appellees argue Tex–Air does not meet the requirements of § 42.29. Appellees also argue courts take a very restrictive view of awards under this provision. *Dallas Cent. Appraisal Dist. v. Seven Inv. Co.,* 835 S.W.2d 75 (Tex.1992); *Bexar County Appraisal Review Bd. v. First*

---

1. *Aransas County* should not be followed for another reason. It held that § 21.03 was unconstitutional on its face. *Aransas County,* 707 S.W.2d at 196. To assert that a provision is facially unconstitutional, every application of the statute must be unconstitutional. *Texas Workers' Compensation Comm. v. Garcia,* 893 S.W.2d 504, 518 (Tex.1995). However, if the taxpayers in *Aransas County* had been taxed at the allocated property value in Texas while subject to taxation in another jurisdiction, it is possible no value would "escape." In such a situation, the critical reasoning in *Aransas County,* that property would go untaxed, does not apply. *Aransas County,* 707

S.W.2d at 191. In fact, if the taxpayers were subject to 100% of the property's market value in Texas and subject to taxation in another jurisdiction, the taxpayer might be subject to "multiple taxation of interstate operations" in violation of the Commerce Clause of the United States Constitution, and the allocation would be *necessary* to avoid violating Federal law. *Central R.R. Co. of Pa. v. Commonwealth of Pa.,* 370 U.S. 607, 612, 82 S.Ct. 1297, 1301–02, 8 L.Ed.2d 720 (1962). Thus, certain applications of the statute would be constitutional, and *Aransas County* was incorrect in holding the statute unconstitutional on its face.

*Baptist Church,* 846 S.W.2d 554 (Tex.App.—San Antonio 1993, writ denied), *cert. denied,* 510 U.S. 1178, 114 S.Ct. 1221, 127 L.Ed.2d 567 (1994). The term "may" in the statute grants discretion for the trial court to award attorney's fees. TEX. TAX CODE ANN. § 42.29; *see also* TEX. TAX CODE ANN. § 42.24(3) (Vernon 1992). Tex–Air was not a prevailing property owner in the trial court, and the trial court had no reason to address the attorney's fees issue. We will not address Tex–Air's right to attorney's fees until the trial court has had the opportunity to properly determine whether to grant them.

We sustain Tex–Air's point of error as to the constitutionality of § 21.05 and remand to the trial court with instructions to proceed in accordance with this court's opinion.