ZAPATA COUNTY APPRAISAL DISTRICT, Appellant and Cross–Appellee,

v.

COASTAL OIL & GAS CORPORATION and Coastal Oil & Gas USA, L.P., Appellees and Cross–Appellants.

No. 04–01–00083–CV.

Court of Appeals of Texas, San Antonio.

Sept. 18, 2002.

John H. Glover, Steven J. Knight, William O. Grimsinger, Jr., Wayne A. Risoli, Chamberlain, Hrdlicka, White, Williams & Martin, Houston, Sharon E. Callaway, Thomas H. Crofts, Jr., Nissa M. Sanders, Crofts & Callaway, P.C., San Antonio, for appellant.

William Ikard, Laurie Ratliff, Mark S. Hutcheson, William W. Kilgarlin, Popp & Ikard, L.L.P., Austin, for appellees.

Sitting: SARÁH B. DUNCAN, Justice, KAREN ANGELINI, Justice, SANDEE BRYAN MARION, Justice.

### ON APPELLANT'S MOTION
### FOR REHEARING

Opinion by: SARAH B. DUNCAN, Justice.

We deny Zapata County's motion for rehearing. However, we withdraw our

July 31, 2002 opinion and substitute this opinion in its place. Our judgment remains unchanged.

Zapata County Appraisal District appeals the trial court's judgment upholding the values placed by Coastal Oil and Gas Company and Coastal Oil & Gas USA, L.P. on two oil and gas interests. In its cross appeal, Coastal challenges the trial court's denial of its request for attorney's fees. We hold the trial court correctly valued the working interests but erred in denying Coastal's request for attorney's fees.

### FACTUAL AND PROCEDURAL BACKGROUND

In 1991, Coastal acquired twenty-one percent of the working interest in two natural gas units, Guerra A and Guerra B, located in part in Zapata County. At the time, fifty percent of the natural gas produced from these units was sold on the "spot market" and fifty percent was committed to Tennessee Gas Pipeline Company pursuant to a long term take-or-pay gas purchase contract. Under the contract, Coastal agreed not to sell any of the gas produced from the committed reserves to any party other than Tennessee for the contract's term. In exchange, Tennessee agreed to either buy the gas from Coastal at the contract price or not buy the gas and pay a reservation fee. Although the contract price for the gas was $2.067 per Mcf at the inception of the contract, it escalated to approximately $8 per Mcf by 1992. During the tax years in question, Tennessee opted to take the gas committed to it by the contract.

Because Coastal's working interests in the Guerra A and B units are income producing property, Zapata County based its appraisal on the income method outlined in section 23.175(a) of the Texas Tax Code, which provides in pertinent part:

If a real property interest in oil or gas in place is appraised by a method that takes into account the future income from the sale of oil or gas to be produced from the interest, the method must use the average price of the oil or gas from the interest for the preceding year as the price at which the oil or gas produced from the interest is projected to be sold in the current year of the appraisal. The average price for the preceding year is calculated by dividing the sum of the prices for which oil and gas from the interest was selling on each day of the preceding calendar year, excluding February 29, by 365. . . .

TEX. TAX CODE ANN. § 23.175(a) (Vernon 2001). Zapata County thus averaged the $8 received from Tennessee and the $2 "spot price" received from other buyers to arrive at an average or "blended" price. Using this average price, Zapata County determined the cumulative fair market value of Coastal's interests for tax years 1992 through 1996 to be $241,578,000.

Coastal protested Zapata County's appraised values in accordance with chapter 41 of the Tax Code. After the Zapata Appraisal Review Board upheld Zapata County's appraisal, Coastal appealed to the district court. At the ensuing jury trial, Coastal argued that, although Tennessee paid $8 per Mcf, only $2 per Mcf was payment for the gas; the remainder of its $8 payment was a commitment fee—consideration for Coastal's commitment of the gas to Tennessee pursuant to the parties' contract—and non-taxable intangible personal property. Coastal's argument was supported by the testimony of its expert, Professor John Lowe. Zapata County's expert, George Hite, disagreed, testifying that because nothing in the contract allocates a portion of the price to a "commitment fee," the entire $8 per Mcf constituted payment for the gas. The jury agreed with Coastal, finding the cumulative fair

market value of Coastal's working interests for the tax years in question to have been $80,863,000. The trial court rendered judgment on the jury's verdict and, after a separate bench trial, denied Coastal's request for attorney's fees.

## TRIAL COURT JURISDICTION

■ Zapata County argues that because Coastal failed to raise its "commitment fee" argument before the Zapata Appraisal Review Board, the trial court was deprived of jurisdiction over this theory. We disagree.

■ As Zapata County argues, a party's failure to exhaust its administrative remedies deprives the trial court of jurisdiction. *See Webb County Appraisal Dist. v. New Laredo Hotel*, 792 S.W.2d 952, 954–55 (Tex.1990). However, Zapata County has not cited and we have not found any authority for the proposition that a party fails to exhaust its administrative remedies if it fails to raise a particular argument before the appraisal review board. In *New Laredo Hotel*, the issue was the taxpayer's failure to appear before the appraisal review board. *Id.* And in *Harris County Appraisal Dist. v. Texas Nat'l Bank of Baytown*, 775 S.W.2d 66 (Tex. App.-Houston [1st Dist.] 1989, no writ), the issue was whether the taxpayer informed the review board of the substance of its complaint at all. *Texas Nat'l Bank*, 775 S.W.2d at 70. Neither supports Zapata County's argument.

Because Coastal filed its protest in accordance with the Tax Code and informed the Zapata Appraisal Review Board of the substance of its complaint—that Zapata County's appraisal of its property was greater than the property's market value—we hold Coastal exhausted its administrative remedies. The trial court therefore had jurisdiction over Coastal's appeal.

## INTERPRETATION OF SECTION 23.175

■ Zapata County contends that "[t]he plain language of section 23.175 requires that all prices paid for gas in the preceding year be used in calculating the average price—including prices paid under a long term purchase agreement such as the GPA involved here." We agree. But our agreement on this issue does not affect the resolution of Zapata County's appeal. The dispositive issue in this case is not whether section 23.175 requires that all prices paid for gas be included in calculating the average price; the dispositive issue is whether, under the GPA, all of the $8 per Mcf contract price was in fact paid for gas. This factual issue was hotly debated, supported on each side by expert testimony, submitted to the jury for its determination, and ultimately resolved by the jury in Coastal's favor.

## STANDARD OF REVIEW

■ The remaining issues in Zapata County's appeal are governed by the abuse of discretion standard of review. *See City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex.1995) (admission and exclusion of evidence); *Texas Dep't of Human Servs. v. E.B.*, 802 S.W.2d 647, 649 (Tex. 1990). With respect to factual matters, a trial court abuses its discretion if, under the record, it reasonably could have reached only one decision and it failed to do so. *See Walker v. Packer*, 827 S.W.2d 833, 840 (Tex.1992). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts. Thus, a clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion...." *Id.*

## VALUE OF THE INTERESTS

■ Zapata County contends the trial court erred in admitting Lowe's testimony

in violation of the parol evidence rule. Because this incompetent evidence must be disregarded, Zapata County argues, the evidence is legally and factually insufficient to support the jury's value finding. We again disagree.

■ The parol evidence rule precludes consideration of extrinsic evidence that contradicts, varies, or adds to the terms of an unambiguous written agreement. *See Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 31 (1958) (holding that parol evidence rule is a rule of substantive law and thus precludes consideration of evidence admitted in violation of the rule). However, "it is ... well settled ... that this rule of exclusion extends only to parties to the written instrument, those in privity with such a party or one who claims a right or benefit under the contract; the rule is inapplicable to situations where one of the litigants is a stranger to the agreement." *In re Cooper,* 2 B.R. 188, 194 (Bankr.S.D.Tex.1980) (citing Texas cases, including *Pointer v. Pointer,* 197 S.W.2d 504, 505 (Tex.Civ.App.-San Antonio 1946, no writ)).

Because Zapata County was not a party to the contract, in privity with a party, or a beneficiary of the contract, the parol evidence rule does not apply. Moreover, even if the rule applied, Lowe's testimony was not offered to vary, add to, or contradict the terms of the contract; nor did it do so. Rather, Lowe's testimony was offered to assist the jury in construing the contract so that it could determine the price paid by Tennessee for the gas; and the substance of Lowe's testimony achieved just that purpose. For these rea-

sons, we hold the trial court did not abuse its discretion in admitting Lowe's testimony.

### CHARGE ERROR

■ Zapata County argues the court's charge assumed the truth of Coastal's valuation theory and thus impermissibly commented on the weight of the evidence by instructing the jury to exclude from the fair market value of the subject property "that portion of the sales price, if any, that [it found] attributable to intangible personal property." *See* TEX.R. CIV. P. 277 ("The court shall not in its charge comment directly on the weight of the evidence or advise the jury of the effect of their answers ..."); *Alvarez v. Missouri–Kansas–Texas R. Co.,* 683 S.W.2d 375, 377 (Tex.1984) ("[S]pecial issues are to be worded so as to avoid assuming the truth of a material controverted fact."). We again disagree. Nothing in this instruction assumes the truth of Coastal's valuation theory. To the contrary, it correctly instructed the jury on the applicable law.

### ATTORNEY'S FEES

■ In its cross appeal, Coastal argues the trial court erred in denying its request for attorney's fees. We agree, although our reasoning differs somewhat from that set forth in Coastal's brief.

■ Although not recognized by either party, the precedent leading to what we believe to be the correct answer to Coastal's complaint is *Bocquet v. Herring,* 972 S.W.2d 19, 20 (Tex.1998).[1] In *Bocquet,* the

---

1. The dissent states that "even Coastal acknowledges that the award of fees is discretionary." However, the fact that the parties' briefs rely upon an incorrect and "unexamined assumption" of law does not require this court to follow suit. *See State ex rel. Angelini v. Hardberger,* 932 S.W.2d 489, 495 (Tex.1996) (holding section 201.023 of the Texas Election Code unconstitutional even though the parties' arguments assumed its constitutionality). Indeed, were it otherwise, it would empower the parties to usurp the courts' constitutional role in our judicial system.

supreme court was asked what standard of review governs an award of attorney's fees under the Declaratory Judgments Act, which provides that "the court 'may' award attorney fees." *Id.* The court held that the statute "affords the trial court a measure of discretion in deciding whether to award attorney fees or not." *Id.* But, the court noted, "[s]tatutes providing that a party 'may recover' . . . attorney fees are not discretionary." *Id.*[2] In other words, it is not use of the word "may" that determines whether an award of attorney's fees is discretionary or mandatory but some other principle, a principle that unfortunately was not articulated in *Bocquet.*

Among the opinions *Bocquet* cites in support of this unarticulated principle are cases involving the statutory provision providing that a party "may recover" its reasonable and necessary attorney's fees in a breach of contract action. *See id.* Tracing this line of cases backwards in Texas jurisprudence leads to Justice Holman's opinion in *Kimbrough v. Fox,* 631 S.W.2d 606 (Tex.App.-Fort Worth 1982, no writ), in which it appears the underlying principle was first enunciated:

> The question is whether . . . the legislature granted the litigant permission to recover the fees or whether it granted the trial court permission to either award or deny such fees.

**2.** Although the dissent characterizes this language in *Bocquet* as dicta, it is more accurately characterized as judicial dictum. As the Fourteenth Court of Appeals has recently explained:

> [T]here is an exception to the precedential value of dictum depending on how it is classified, obiter dictum or judicial dictum. *See Palestine Contractors, Inc. v. Perkins,* 386 S.W.2d 764, 773 (Tex.1964). Judicial dictum, a statement by the supreme court made very deliberately after mature consideration and for future guidance in the conduct of litigation, is "at least persuasive and should be followed unless found to be erroneous." *Id.*

We conclude that if the legislature had intended to vest the permission or discretion in the trial court, the permissive language would have provided that the court may award (such fees).

The statute, however, states that "the claimant may . . . also recover . . . a reasonable amount as attorney's fees."

The location of the word "may," and an analogous construction by our Supreme Court of a claimant's right to statutory treble damages in *Woods v. Littleton[,* 554 S.W.2d 662 (1977)] . . . persuades us that the language of [the statute] grants to the litigant the permission to recover the fees he is able to prove reasonable.

We hold that upon such proof, the award is mandatory.

*Id.* at 609.

In an excessive appraisal appeal, section 42.29(a) of the Tax Code provides that the prevailing taxpayer "may be awarded" attorney's fees. TEX. TAX CODE ANN. § 42.29(a) (Vernon 2001). Thus, the issue before us is whether a statute providing that a taxpayer "may be awarded" attorney's fees is more like statutes providing that "the court may award," so that whether to award attorney's fees is discretionary, or more like statutes providing that "a party may recover" attorney's fees, so that

*Edwards v. Kaye,* 9 S.W.3d 310, 314 (Tex. App.-Houston [14th Dist.] 1999, pet. denied).

The language quoted above from *Bocquet* is, we believe, judicial dictum and therefore binding on this court unless erroneous. Clearly the statement is not erroneous; it accurately summarizes the state of the law and the relevant distinction enunciated and drawn by the supreme court in other classes of cases. Unlike the dissent, therefore, we believe we are bound to address and, to the best of our ability, apply the distinction noted in *Bocquet* in our attempt to discern whether the trial court erred in denying Coastal's request for section 42.29 attorney's fees.

an award of attorney's fees is mandatory. In accordance with Justice Holman's reasoning in *Kimbrough* and in line with *Bocquet*, we hold an award of attorney's fees under section 42.29 of the Texas Tax Code is mandatory.[3] Accordingly, the trial court erred in denying Coastal's request for attorney's fees.

### CONCLUSION

Because the trial court properly admitted Lowe's testimony and properly instructed the jury to exclude intangible personal property from its valuation finding, we affirm that part of the trial court's judgment upholding Coastal's valuation. However, because an award of attorney's fees under section 42.29 of the Texas Tax Code is mandatory, we reverse that part of the judgment denying Coastal's request for attorney's fees and remand the cause to the trial court for a determination of the amount of fees to be awarded.

Concurring and dissenting opinion by: SANDEE BRYAN MARION, Justice.

Concurring and dissenting opinion by: SANDEE BRYAN MARION, Justice.

I agree with the denial of Zapata County's motion for rehearing. I withdraw my concurring and dissenting opinion of July 31, 2002 and substitute this opinion in its place.

I concur with the majority on all issues except on the issue of attorney's fees. Notwithstanding the dicta in the *Bocquet* case, I believe the language in Tax Code

section 42.29, which provides that a property owner who prevails in an appeal of an excessive appraisal may be awarded reasonable attorney's fees, affords the trial court a measure of discretion in deciding whether to award them or not. TEX. TAX CODE ANN. § 42.29(a) (Vernon 2001); *see also Tex–Air Helicopters, Inc. v. Appraisal Review Bd. of Galveston*, 940 S.W.2d 299, 303 (Tex.App.-Houston [14th Dist.] 1997) (award of fees under section 42.29 is discretionary), *aff'd*, 970 S.W.2d 530 (Tex. 1998); *Tex–Air Helicopters, Inc. v. Harris County Appraisal District*, 15 S.W.3d 173, 177 (Tex.App.-Texarkana 2000, pet. denied) (same).

Even Coastal acknowledges that the award of fees is discretionary, but argues the trial court abused its discretion by failing to award *any* fees. The test for abuse of discretion is not whether, in the opinion of the reviewing court, the facts present an appropriate case for the trial court's action. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241 (Tex. 1985); *Smithson v. Cessna Aircraft Co.*, 665 S.W.2d 439, 443 (Tex.1984). Rather, a trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of the law. *Downer*, 701 S.W.2d at 241–42; *Cessna Aircraft*, 665 S.W.2d at 443. To ascertain whether the trial court abused its discretion, the reviewing court must determine if the trial court acted without reference to any guiding rules and principles. *Morrow v. H.E.B., Inc.*, 714 S.W.2d 297, 298 (Tex. 1986).

**3.** Contrary to the dissent's use of a "see also" cite, no case has held that section 42.29 fees are discretionary. In *Tex–Air I*, the court refused to address the attorney's fees issue (other than its passing comment that section 42.29 fees are discretionary), because Tex–Air was not a prevailing party. *Tex–Air Helicopters, Inc. v. Appraisal Review Board of Galveston County*, 940 S.W.2d 299, 304 (Tex.App.-

Houston [14th Dist.] 1997), *aff'd on other grounds*, 970 S.W.2d 530 (Tex.1998). In *Tex–Air II*, the court affirmed the denial of attorney's fees under 42.29, because Tex–Air did not prevail on an excessive or unequal appraisal claim, not because section 42.29 fees are discretionary. *Tex–Air Helicopters, Inc. v. Harris County Appraisal Dist.*, 15 S.W.3d 173, 177 (Tex.App.-Texarkana 2000, pet. denied).

Here, by agreement of the parties, the trial court held a bench trial on the issue of attorney's fees after the jury returned its verdict. Coastal presented evidence to the court on the fees it incurred and the court ruled that no fees would be granted. Because, in my opinion, the award of attorney's fees is within the trial court's discretion and is not mandatory, I believe the court had the option of awarding the entire request for attorney's fees, a portion of the fees requested, or no fees at all. Accordingly, I respectfully dissent on the attorney's fees issue.