# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

========================
## ON MOTION FOR REHEARING
========================

## NO. 03-05-00171-CV

**Aaron Rents, Inc., Appellant**

**v.**

**Travis Central Appraisal District, Travis County Appraisal Review Board,
and Travis County Tax Assessor Collector, Nelda Wells Spears,
in Her Official Capacity, Appellees**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT
### NO. GN401079, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING

## D I S S E N T I N G   O P I N I O N

Because I believe that an award of attorney's fees is mandatory under section 42.29 of the tax code, I respectfully dissent from the majority's decision to overrule Aaron Rents's motion for rehearing and from the opinion of the majority to the extent that it holds that the statute grants trial courts the discretion to award attorney's fees.

In general, we review a trial court's decision to award attorney's fees for an abuse of discretion. *See Allison v. Fire Ins. Exch.*, 98 S.W.3d 227, 262 (Tex. App.—Austin 2002, pet. granted, judgm't vacated w.r.m. by agr.). However, some statutes remove the discretion from the trial court. *Cf. Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998).

The statute in question provides, in relevant part, as follows:

    (a)  A *property owner* who prevails in an appeal to the court under Section 42.25 or 42.26 *may be awarded* reasonable attorney's fees.

Tex. Tax Code Ann. § 42.29 (West 2001) (emphasis added).

At first glance the language might be read as giving the trial court the discretion to award attorney's fees. *See* Tex. Gov't Code Ann. § 311.016(1), (2) (West 2005) (in construing statutes, word "may" creates discretionary authority or grants permission or power, but word "shall" imposes duty). However, the determination of whether a statute requires the imposition of attorney's fees or vests the trial court with the discretion to decide does not depend exclusively on whether the statute uses the word "may" or "shall." *Cf. Bocquet*, 972 S.W.2d at 20. Under the current state of the law, the determination primarily depends on whether the legislature has bestowed a power to trial courts or an entitlement to litigants.

In *Bocquet*, the supreme court distinguished between statutes that vest a trial court with the discretion to award attorney's fees and statutes that require the court to award attorney's fees. *See id.*; *compare* Tex. Fam. Code Ann. § 106.002 (West Supp. 2005) (court may render judgment for reasonable attorney's fees), *with* Tex. Civ. Prac. & Rem. Code Ann. § 38.001 (West 1997) (person may recover attorney's fees). Statutes providing that a "court may award" attorney's fees grant courts a measure of discretion in awarding attorney's fees, but statutes providing that a "party may recover," "party shall be awarded," or "party is entitled to" attorney's fees mandate an award of fees that are reasonable and necessary. *See Bocquet*, 972 S.W.2d at 20. The distinction drawn by the supreme court seems to hinge upon whether the statute in question speaks to what the

2

*litigant may receive* or what the *court may award*. *See Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.*, 90 S.W.3d 847, 853 (Tex. App.—San Antonio 2002, no pet.); *Kimbrough v. Fox*, 631 S.W.2d 606, 609 (Tex. App.—Fort Worth 1982, no writ).

An apparent split of authority has developed among Texas courts regarding which meaning attaches to the statute in question. In *Tex-Air Helicopters, Inc. v. Appraisal Review Board of Galveston County*, the Houston Court stated that under section 42.29 the trial court has the discretion to award attorney's fees. 940 S.W.2d 299, 304 (Tex. App.—Houston [14th Dist.] 1997), *aff'd*, 970 S.W.2d 530 (Tex. 1998). However, because the trial court had determined that Tex-Air was not a prevailing party, the Houston Court did not reach the issue of attorney's fees. *Id.* The Texarkana Court made a similar statement in *Tex-Air Helicopters, Inc. v. Harris County Appraisal District*, 15 S.W.3d 173, 177 (Tex. App.—Texarkana 2000, pet. denied). In that case, the court stated that the award of attorney's fees was discretionary but concluded that, because the case did not involve an "excessive appraisal," section 42.29 did not apply. *Id.* The majority apparently agrees with the dicta expressed in these two opinions.

The San Antonio Court, on the other hand, addressed the issue of attorney's fees and concluded that section 42.29 entitled a prevailing party to recover attorney's fees. *Zapata*, 90 S.W.3d at 854. In making this determination, the court relied on a distinction originally articulated in *Kimbrough*. *Id.* at 854. In *Kimbrough*, the court was faced with the question of whether a statute stating that a "claimant may . . . also recover . . . a reasonable amount of attorney's fees" was mandatory or discretionary. 631 S.W.2d at 609 (quoting Tex. Rev. Civ. Stat. Ann. art. 2226 (1979)). The *Kimbrough* court specified that "the question is whether . . . the legislature granted the litigant

3

permission to recover the fees or whether it granted the trial court permission to either award or deny such fees." *Id.* Ultimately, the *Kimbrough* court concluded that the statutory language ("claimant may . . . recover . . . attorney's fees") granted the litigant the *right* to recover attorney's fees and expressly held that the use of the term "may" was not dispositive of whether the trial court had discretion to award attorney's fees. *Id.*

In reaching its conclusion in *Zapata*, the San Antonio Court also relied on the distinction described in *Bouquet*. 90 S.W.3d at 854. The court concluded that a statute providing that a "property owner . . . may be awarded" attorney's fees is more similar to a statute providing that "a party may recover" than it is to a statute specifying that a "court may award" attorney's fees. *Id.* As a result, the court concluded that the award of attorney's fees is mandatory. *Id.*

The real difficulty in this case arises due to the fact that this particular statute is neither clearly one or the other of the types of statutes distinguished in *Bouquet*. Due to the use of passive voice in the statute, the wording could be rearranged and construed to mean that trial courts have the discretion to award attorney's fees to prevailing property owners. For example, the statute as written specifies that "[a] property owner . . . may be awarded reasonable attorney's fees." Tex. Tax Code Ann. § 42.29. The statute could be construed as impliedly stating that "a property owner . . . may be awarded reasonable attorney's fees *by the trial court*." Given the implied addition of the words "by the trial court" and due to the use of passive voice in the statute, the wording of the statute could be inverted to make the "trial court" the subject of the sentence and to read as follows: "the trial court may award a property owner reasonable attorney's fees." Under this inverted reading, the statute vests the trial court with the discretion to award attorney's fees.

However, the supreme court has indicated its reluctance to engage in wordplay to ascribe meaning to a statute that contradicts the meaning expressed in an unaltered reading of the statute. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 358 (Tex. 2000) (courts must take statutes as they find them and should not give strained readings to statutes). When determining the meaning of a statute, our task is to interpret the statute as written, not to engage in games of grammatical gymnastics. *See In re Doe*, 19 S.W.3d 346, 351 (Tex. 2000) (statutes must be interpreted as written); *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241-42 (Tex. 1994). In construing statutes, our goal is to give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2004). Every word in a statute is presumed to have been used for a purpose and every word excluded must have been excluded for a purpose. *Laidlaw Waste Sys., Inc. v. City of Wilmer*, 904 S.W.2d 656, 659 (Tex. 1995). Further, the legislature is presumed to be aware of case law interpreting statutes it enacts. *General Servs. Comm'n v. Little-Tex Insulation Co.*, 39 S.W.3d 591, 596 (Tex. 2001).

Section 42.29 was originally enacted after the distinction in attorney's fees was articulated in *Kimbrough*. *See* Act of May 26, 1983, 68th Leg., R.S., ch. 905, § 1, sec. 42.29, 1983 Tex. Gen. Laws 5033. When it enacted the statute, the legislature did not specify that the "court may award attorney's fees"; rather, the legislature specified that the prevailing taxpayer "may be awarded" attorney's fees. The phrase a "property owner may be awarded attorney's fees" is the functional equivalent of the phrase a "party may recover attorney's fees," which the supreme court has stated entitles a party to attorney's fees. *See Bocquet*, 972 S.W.2d at 20. Had the legislature

5

intended to give trial courts the discretion to deny fees to a prevailing property owner, they would have drafted the statute accordingly. *See Kimbrough*, 631 S.W.2d at 609.[1]

The unusual circumstances of this type of claim also support the conclusion that the award of attorney's fees to a prevailing property owner is not discretionary. The statute in question mandates the issuance of attorney's fees after a party has proven that the government has issued an excessive appraisal of the party's property. *See* Tex. Tax Code Ann. §§ 42.25 (remedy for excessive appraisal), 42.29. When an excessive appraisal is issued, a property owner is forced to pay more in taxes than is actually required. To recover the amount of money overpaid, the property owner must go through the onerous task and added expense of preparing and filing a lawsuit against the government. Given this fact setting, it is reasonable to conclude the legislature intended parties to recover the amount of attorney's fees incurred in pursuing their claims when they prevail.

Were the slate clean, I would not draw the extremely subtle distinction originally articulated in *Kimbrough*. We should be able to presume that the legislature speaks in more direct

_____

[1] In support of their conclusion that the language of section 42.29 is discretionary, the majority cites to an unpublished opinion previously issued by this Court. *See Hays County Appraisal Dist. v. Mayo Kirby Springs*, 1997 Tex. App. LEXIS 5876 (Tex. App.—Austin 1995, no writ); *see also* Tex. R. App. P. 47.7 ("Opinions not designated for publication by the court of appeals . . . have no precedential value . . . ."). However, this case was decided before the supreme court decided *Bocquet*. Further, in support of its conclusion that the language in section 42.29 is discretionary, this Court cited to the Texas Uniform Declaratory Judgments Act, which provides as follows:

> In any proceeding under this chapter, the court may award costs and reasonable and necessary attorney's fees as are equitable and just.

Tex. Civ. Prac. & Rem. Code Ann. § 37.009 (West 1997).

Unlike section 42.29 of the tax code, the declaratory judgment act specifically gives trial courts the power to decide whether to award attorney's fees. *See* Tex. Tax Code Ann. § 42.29.

ways than this distinction implies. Further, we should be able to presume that, when the legislature uses phrases like "a party may recover attorney's fees" or "a party may be awarded attorney's fees," the legislature means what the phrases indicate: that an award of attorney's fees is discretionary. However, the slate is not clean. For all the reasons previously described, I would conclude that *Zapata* articulates the correct reading of section 42.29, particularly in light of the supreme court's statement in *Bocquet*. Therefore, I would find that Aaron Rents is entitled to attorney's fees under section 42.29 unless and until the supreme court addresses this issue further. For this reason, I dissent from the portion of the majority opinion and judgment that concludes section 42.29 of the tax code does not mandate an award of attorney's fees. I concur in the judgment and opinion of the majority in all other respects.

_____

David Puryear, Justice

Before Justices B. A. Smith, Patterson and Puryear

Filed: March 23, 2006

7