# NO. 12-10-00189-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KEJZAR MOTORS, INC. d/b/a EASTEX* *TRACTOR & POWERSPORTS AND* *JASPER FARM & RANCH SUPPLY,* *APPELLANT* | § | *APPEAL FROM THE 159TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *KUBOTA TRACTOR CORPORATION* *AND MICHAEL HAMMER,* *APPELLEES* | § | *ANGELINA COUNTY, TEXAS* |

## *OPINION*

Kejzar Motors, Inc., d/b/a Eastex Tractor and Powersports and Jasper Farm and Ranch Supply (Eastex), brings this interlocutory appeal from the trial court's denial of its application for a temporary injunction against Kubota Tractor Corporation and Michael Hammer. Relying on the Texas Business Opportunities and Agreements Act (TBOA), Eastex raises six issues contending the trial court erred in denying its application. We affirm.

## BACKGROUND

Kubota manufactures farm, industrial, and outdoor equipment. Eastex is a Kubota tractor dealer, with locations in Nacogdoches and Jasper, Texas. Owners Mark Kaiser and David Feron purchased the two existing dealerships in 2007. They operate those two stores as one dealership with two locations. In early 2010, Kubota granted a dealership to Michael Hammer, located in Lufkin, between Eastex's two dealership locations.

In May 2010, Eastex filed its original petition and application for injunctive relief to prevent Kubota from contracting with Hammer to locate a dealership in the same trade area as Eastex's stores. Eastex asserted that the new location, which is less than twenty-five miles from

Eastex's Nacogdoches location, would constitute a substantial change in the competitive circumstances of Eastex's contractual relationship with Kubota and lead to the eventual destruction of Eastex's dealership. Eastex asserted causes of action against Kubota for violation of the TBOA, the Texas Deceptive Trade Practices and Consumer Protection Act, breach of contract and the implied covenant of good faith and fair dealing, promissory estoppel, and unjust enrichment. Additionally, it asserted tortious interference with contractual relations and prospective economic advantage against both Kubota and Hammer.

The trial court immediately signed a temporary restraining order based on Eastex's statutory rights under the TBOA, ordering Kubota and Hammer to "desist and refrain from opening a new Kubota dealership in Angelina or Nacogdoches [C]ounty." Two weeks later, after a two day hearing, the trial court denied Eastex's application for a temporary injunction and dissolved the temporary restraining order. Eastex brought this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(4) (Vernon 2008).

## TEMPORARY INJUNCTION

In its first issue, Eastex contends the trial court erred when it denied Eastex's application for a temporary injunction. Eastex argues that the court erroneously concluded that Eastex had no probable right of recovery. Specifically, Eastex argues that Kubota violated the TBOA because it changed the prevailing conditions, surroundings, and background of the Dealer Agreement when it placed a competing dealer in Lufkin after previously holding Eastex responsible for Angelina County. In its second issue, Eastex asserts that the trial court erred when it ruled that the act of placing a competing dealer in Lufkin could not constitute a substantial change in the competitive circumstances of a dealer agreement that unambiguously permits the dealer only a nonexclusive local market. Eastex further contends that the trial court's ruling constitutes a declaration that the Dealer Agreement trumps the TBOA, thus rendering the statute meaningless. In its fifth issue, Eastex asserts that the trial court erred in not considering extrinsic evidence in deciding whether Kubota substantially changed the Dealer Agreement.

### Standard of Review

In an interlocutory appeal from a ruling on an application for a temporary injunction, we do not review the merits of the applicant's case. *See **Davis v. Huey***, 571 S.W.2d 859, 861 (Tex. 1978). To obtain a temporary injunction, the applicant must plead a cause of action and show a

2

probable right to the relief he seeks, and probable, imminent, and irreparable injury in the interim. ***Butnaru v. Ford Motor Co.***, 84 S.W.3d 198, 204 (Tex. 2002). The applicant is not required to establish that he will finally prevail in the litigation. ***State v. Sw. Bell Tel. Co.***, 526 S.W.2d 526, 528 (Tex. 1975). Whether to grant or deny a temporary injunction is within the trial court's sound discretion. ***Butnaru***, 84 S.W.3d at 204. We limit our review to whether there has been a clear abuse of discretion. ***Id***. We may not substitute our judgment for that of the trial court; we merely determine whether the court's action was so arbitrary as to exceed the bounds of reasonable discretion. ***Id***. The trial court abuses its discretion when it misapplies the law to the established facts, or when the evidence does not reasonably support the conclusion that the applicant has a probable right of recovery. ***Sw. Bell Tel. Co.***, 526 S.W.2d at 528.

## Applicable Law

Chapter 55 of the Texas Business and Commerce Code addresses industrial equipment dealer agreements. *See* Tex. Bus. & Com. Code Ann. §§ 55.001–.201 (Vernon 2009). Section 55.052 provides that "[a] supplier may not substantially change the competitive circumstances of a dealer agreement without cause." Tex. Bus. & Com. Code Ann. § 55.052. Further, a supplier may not terminate, cancel, or fail to renew a dealer agreement without cause. ***Id.*** § 55.056. A person injured by a violation of Chapter 55 may bring an action for an injunction and damages. ***Id.*** § 55.201.

## Analysis

The trial court determined that, as a matter of law, Eastex does not have a probable right to recover under Section 55.052 "because the Dealership Agreement, which has an entirety clause, unambiguously provides Eastex with no exclusive territory." The trial court concluded that the Dealer Agreement provides that Kubota had the right, in its sole discretion, to enter into Dealer Agreements with others at any location and that Eastex agreed to these terms. The court also concluded that the parol evidence rule precluded it from considering evidence that conflicted with the unambiguous provisions and terms of the Dealer Agreement. Further, the court concluded that Eastex did not prove a probable right of recovery or relief on its cause of action for violation of Section 55.056.

We first must consider the question of whether the Dealer Agreement is ambiguous. Whether a contract is ambiguous is a question of law that must be decided by examining the contract as a whole in light of the circumstances present when the contract was entered. ***Sacks v.***

3

*Haden*, 266 S.W.3d 447, 451 (Tex. 2008). A contract is not ambiguous if a court can give the contract a definite or certain meaning as a matter of law. ***Columbia Gas Transmission Corp. v. New Ulm Gas, Ltd.***, 940 S.W.2d 587, 589 (Tex. 1996). If a written contract's terms are unambiguous, then parol evidence is inadmissible to vary, add to, or contradict its terms. ***Sun Oil Co. v. Madeley***, 626 S.W.2d 726, 732 (Tex. 1981); ***Zapata County Appraisal Dist. v. Coastal Oil & Gas Corp.***, 90 S.W.3d 847, 852 (Tex. App.–San Antonio 2002, pet. denied) (op. on reh'g).

Eastex argues that the trial court erroneously refused to consider evidence regarding what the parties reasonably believed to be Eastex's local market. Paragraph 6.D. of the Dealer Agreement provides that Eastex shall "maintain an inventory of Products constituting adequate stock to serve the competitive requirements of the local market surrounding [its] Retail Store." Paragraph 6.I. provides that Eastex "shall maintain the location(s) of the Retail Store(s) at the location(s) set forth on the first page … of this Agreement" and "shall focus the sales, service, and marketing efforts for the Retail Store(s) in the Local Market(s)." Eastex argues that evidence related to the local market was needed to determine the competitive circumstances of the dealer agreement. Eastex further argues that evidence of the local market is important because it provides the baseline for evaluating the substantiality of the change in competitive circumstances that will occur when Kubota authorizes placement of a new dealer in Eastex's local market.

The Dealer Agreement, however, is written in such a way that it can be given a definite meaning without a definition or explanation of what the parties reasonably believed to be Eastex's local market. Paragraph 1.A. of the Dealer Agreement provides that Kubota "reserves the right, in its sole discretion, to directly or indirectly sell Products to others and to enter into Dealer Sales and Service Agreements with others at any location within or without the locale wherein [Eastex] maintains the Retail store(s)." Regardless of what constituted Eastex's local market, Kubota had the right to enter into a dealer agreement with others at any location. We agree with the trial court's determination that the Dealer Agreement is not ambiguous. *See **New Ulm Gas, Ltd.***, 940 S.W.2d at 589. Furthermore, as there was no change in the competitive circumstances of the Dealer Agreement, the necessity for a baseline for evaluating the substantiality of a change never arises. The trial court did not err in not considering extrinsic evidence in deciding whether Kubota substantially changed the Dealer Agreement. *See Madeley*, 626 S.W.2d at 732. We overrule Eastex's fifth issue.

To prove entitlement to the temporary injunction, Eastex needed to prove a probable right to relief under the TBOA. Eastex alleged that Kubota violated Section 55.052, that is, substantially changed the competitive circumstances of their Dealer Agreement without cause, by appointing a new Kubota dealer in Eastex's trade area. Paragraph 1.A. of the Dealer Agreement clearly refutes that assertion. That paragraph unambiguously gives Kubota the right to enter into dealer agreements "with others at any location within or without the locale wherein [Eastex] maintains" its stores. Kubota's right to do so is part of the competitive circumstances contemplated by their Dealer Agreement. *See Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 869-70 (6th Cir. 2007) (business relationship between supplier and dealer did not amount to a change in the competitive circumstances of the agreement in violation of statute where the relationship was anticipated by the dealer agreement).

Even though Section 55.056 is not mentioned either by name or by reference to its subject matter in Eastex's list of issues, Eastex seems to also attack the trial court's determination that Eastex has no right to relief under Section 55.056. However, it is difficult to discern Eastex's reasoning. Section 55.056 provides that the supplier may not terminate a dealer agreement without cause. *See* TEX. BUS. & COM. CODE ANN. § 55.056. Eastex admits that Kubota has never threatened to terminate Eastex and does not argue that Kubota actually attempted to terminate their agreement. Instead, Eastex claims that appointing a new, competing dealer in Eastex's trade area would lead to Eastex's "destruction" and constitute a de facto termination of the Dealer Agreement by Kubota due to loss of business. Eastex claims that it presented evidence predicting that "the gross margin would drop significantly" if a new Kubota dealer opened in Lufkin. In its brief, Eastex refers to its own evidence as "common-sense assumptions."

One of the owners of Eastex testified that Eastex was currently operating "at break even" and that it would not take much in lost sales to cause Eastex to go out of business. He testified that, based on his calculations, Eastex's sales would drop thirty-four percent if the new dealer was allowed to open in Lufkin. Kubota did its own analysis and determined that the new Lufkin dealer would have a potential impact on Eastex of eight percent of sales in Angelina County. However, Kubota's East Texas regional sales manager testified that, based on his experiences with other dealers, he believed that placement of a new dealer in Lufkin would lead to an improvement in Eastex's sales.

5

Assuming Section 55.056 includes de facto or constructive termination, a question we do not address, Eastex did not show that placement of a new Kubota dealer in Lufkin would constitute a constructive termination of the Dealer Agreement. Faced with conflicting evidence, the trial court did not abuse its discretion in determining that Eastex did not prove a probable right of recovery under Section 55.056.

The trial court's ruling is not, as Eastex claims, a declaration that the Dealer Agreement trumps the statute. Under the facts of this case, the statute is not implicated and cannot be used to alter the terms of the parties' binding agreement. Because Eastex did not show a probable right to the relief sought, the trial court did not abuse its discretion in denying Eastex's application for a temporary injunction. *See Butnaru*, 84 S.W.3d at 204. We overrule Eastex's first and second issues.

## CONCLUSION

Parol evidence was inadmissible to vary the terms of the unambiguous Dealer Agreement. Eastex has not shown a probable right of recovery. Therefore, the trial court did not abuse its discretion in denying Eastex's application for a temporary injunction. We need not reach the remainder of Eastex's issues. *See* TEX. R. APP. P. 47.1.

We *affirm* the trial court's order denying Eastex's application for a temporary injunction.

**BRIAN T. HOYLE**
Justice

Opinion delivered January 19, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

6